**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                         (State)

Case number (*If known*): _____ Chapter 11

☐ **Check if this is an amended filing**

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Northwest Hardwoods, Inc.** |
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names, and *doing business as* names | See Schedule 1 |
| 3. | Debtor's federal Employer Identification Number (EIN) | 4 5 – 2 0 6 5 4 0 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1313       Broadway  Number     Street | Number     Street |
| Suite 300 | P.O. Box |
| Tacoma       WA    98402  City       State    ZIP Code | City       State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Pierce County  County | Number     Street |
| | City       State    ZIP Code |

5. **Debtor's website (URL)**    https://www.northwesthardwoods.com

Debtor  Northwest Hardwoods, Inc. _____  Case number (*if known*)_____
      Name

| | |
|---|---|
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| **7. Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br><br>  3  2  1  1 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☒ A plan is being filed with this petition.<br>    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

27375638.1

Debtor  Northwest Hardwoods, Inc.                                    Case number (*if known*)
         Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☒ No
   ☐ Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY
           District _____  When _____  Case number _____
                                         MM / DD / YYYY

   If more than 2 cases, attach a separate list.

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes.  Debtor **See Schedule 2**                  Relationship  Affiliates
            District Delaware                          When          11 / 23/ 2020
                                                                     MM / DD / YYYY
            Case number, if known _____

    List all cases. If more than 1, attach a separate list.

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number     Street
                              _____
                              City                          State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

| **Statistical and administrative information** |

27375638.1

Debtor  Northwest Hardwoods, Inc.                                    Case number (*if known*)
       Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors**<br>**(On a consolidated basis)** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 |
| | | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets**<br>**(On a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million |
| | | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**<br>**(On a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million |
| | | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11 / 23 / 2020
                MM / DD / YYYY

✘   /s/ Nathan Jeppson                          Nathan Jeppson
     Signature of authorized representative of debtor        Printed name

Title  Chairman, President, and CEO

| | | | |
|---|---|---|---|
| Debtor | Northwest Hardwoods, Inc. | Case number (*if known*) | |
| | Name | | |

**18. Signature of attorney**

✗ /s/ Sean M. Beach                                  Date   11 / 23 / 2020
Signature of attorney for debtor                            MM   / DD / YYYY

Sean M. Beach
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square, 1000 North King Street
Number       Street

Wilmington                                           DE          19801
City                                                 State       ZIP Code

302-571-6600                                         sbeach@ycst.com
Contact phone                                        Email address

4070                                                 DE
Bar number                                           State

27375638.1

## Schedule 1

| All Other Names Used by the Debtors in the Last 8 Years ||
| --- | --- |
| **Former Name** | **Relevant Debtor** |
| AIP/Hardwoods Funding Inc. | Hardwoods Intermediate Holdings II, Inc. (prior name of Hardwoods Intermediate I, Inc.) |
| AIP/Hardwoods Holdings, Inc. | Hardwoods Intermediate Holdings II, Inc. (prior name) |
| Eastern Hardwoods, LLC | Northwest Hardwoods, Inc. (merged together) |
| Fitzgerald Lumber & Log Co, Inc. | Northwest Hardwoods, Inc. (assets transferred) |
| Hardwoods Acquisition, Inc. | Hardwoods Intermediate Holdings II, Inc. (merged with Hardwoods Intermediate I, Inc.) |
| Hardwoods Intermediate I, Inc. | Hardwoods Intermediate Holdings II, Inc. (merged together) |
| Inter-Continental Hardwoods, LLC | Northwest Hardwoods, Inc. (assets transferred) |
| ITL, LLC | Northwest Hardwoods, Inc. (assets transferred) |
| NWH Escrow Corporation | Northwest Hardwoods, Inc. (merged together) |
| Washington Alder, LLC | Northwest Hardwoods, Inc. (merged together) |

27375638.1

**Schedule 2**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

   On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Northwest Hardwoods, Inc.

| Debtor Name | Case Number | Date Filed | District |
| --- | --- | --- | --- |
| Hardwoods Holdings, Inc. | 20-_____ (__) | November 23, 2020 | Delaware |
| Hardwoods Intermediate Holdings II, Inc. | 20-_____ (__) | November 23, 2020 | Delaware |
| Northwest Hardwoods, Inc. | 20-_____ (__) | November 23, 2020 | Delaware |

27375638.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) ) ) | Case No. 20-[____] (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
BANKRUPTCY RULES 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") hereby state as follows:

1. Debtor Hardwoods Holdings, Inc. ("HHI") is the indirect or direct parent of each other Debtor.

2. Debtor Hardwoods Intermediate Holdings II, Inc. ("NWH Intermediate") is 100% owned by HHI.

3. Debtor Northwest Hardwoods, Inc. is 100% owned by NWH Intermediate.

4. A list of HHI's equity interest holders, their addresses, and the nature of their equity interests is attached hereto as **Exhibit A**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

## EXHIBIT A

**Equity Interest Holders in Hardwoods Holdings, Inc.**

| Holder | Address | Nature of Equity Interests | Ownership Percentage |
|---|---|---|---|
| Affiliates of Littlejohn & Co. LLC | - | Common Stock | 84.4%[2] |
| Forest Field Limited | - | Common Stock | 9.7% |
| Current and Former Directors and Officers | - | Common Stock | 5.9%[3] |

---

[2] These equity interests are held across five (5) separate funds managed by Littlejohn & Co. LLC.

[3] These equity interests are held by twenty-three (23) different individuals or estates, none of whom hold five percent (5%) or more of the total outstanding equity interests.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Northwest Hardwoods, Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders on a Consolidated Basis                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Keystone Transportation Solutions<br>C/O Chap Petersen & Associates Plc Trust Account<br>3970 Chain Bridge Road<br>Fairfax, VA 22030 United States | J Chap Petersen<br>(703) 277-9704<br>(703) 591-9285 (Fax)<br>jcp@petersentfirm.com | Promissory Note | | $0 | $0 | $2,432,500.00 |
| Superior Hardwoods of Ohio<br>PO Box 606<br>Wellston, OH 45692 United States | Adam Conway<br>(740) 352-3130<br>aconway@shlumber.com | Trade Debt | | $0 | $0 | $2,175,889.31 |
| PT Basirih Industrial<br>Jl. Telaga Baru Trisakti<br>Banjarmasin 70245<br>Indonesia | Dani Sjahalam<br>(702) 498-4485<br>dsa64@aol.com | Trade Debt | | $0 | $0 | $998,529.96 |
| Weyerhaeuser – Logs<br>PO Box 638<br>Longview, WA 98632 United States | Michael Brady<br>mike.brady@weyerhaeuser.com<br>(206) 539-4035 | Trade Debt | | $0 | $0 | $511,541.24 |
| Dingess Lumber<br>4220 Scenic Highway<br>Summersville, WV 26651 United States | Johnny Gum<br>(304) 872-1734<br>jgum@wvwood.com | Trade Debt | | $0 | $0 | $417,695.51 |
| Sitco LLC<br>10492 Hwy 52 S<br>Dubuque, IA 52003-9723 United States | Michelle Madison<br>(563) 557-8618<br>SITCOLLC@GMAIL.COM | Trade Debt | | $0 | $0 | $360,496.90 |
| Cornerstone Systems Inc.<br>3250 Players Club Pkwy<br>Memphis, TN 38125-8844 United States | Joseph Hulsey<br>901-333-7125<br>jhulsey@cornerstone-systems.com | Trade Debt | | $0 | $0 | $213,917.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Laurel Creek Hardwoods<br>PO Box 786<br>Richwood, WV 26261<br>United States | Sharon Glasscock<br>(304) 846-6242<br>skglasscock@hotmail.com | Trade Debt | | $0 | $0 | $170,507.83 |
| AFCO Credit Corp.<br>1133 Avenue of the Americas, Suite 2735-39<br>New York, NY 10036 United States | Stephen Lewis<br>(800) 288-6901<br>stephen.lewis@afco.com | Trade Debt | | $0 | $0 | $168,429.01 |
| Concannon Lumber Co<br>1300 Lower Road, Bldg 806 Door 605<br>Linden, NJ 07036 United States | Bobby Hansen<br>(503) 231-8881<br>Bobby.Hansen@Concannonlumber.com | Trade Debt | | $0 | $0 | $161,388.67 |
| Epicor Software Canada Limited<br>804 Las Cimas Parkway<br>Austin, TX 78746 United States | Ryan Filek<br>(250) 260-6474<br>rfilek@epicor.com | Trade Debt | | $0 | $0 | $160,408.56 |
| Fanernyiy Zavod LLC<br>Revolyutsii Prospect, 29B, Office 302<br>Voronezh 394000 Russia | Pozdnyakov Sergey<br>+7 81733-3-50-65<br>fanemy.zavod@yandex.ru | Trade Debt | | $0 | $0 | $157,886.83 |
| FEA Subsidiary Inc<br>5410 McConnell Avenue<br>Los Angeles, CA 90066<br>United States | Greg Simon<br>(800) 822-8977<br>gsimon@feaco.com | Trade Debt | | $0 | $0 | $143,753.90 |
| Blough Hardwoods Inc<br>9975 W Clarksville Road<br>Clarksville, MI 48815-9604<br>United States | Liz Blough<br>(616) 693-2174<br>lizblough@hotmail.com | Trade Debt | | $0 | $0 | $139,855.13 |
| Transindo USA Inc<br>20265 Valley Blvd, Suite B/C<br>Walnut, CA 91789 United States | Samuel Suleiman<br>(909) 444-0499<br>Samuel@Transindousa.com | Trade Debt | | $0 | $0 | $138,416.40 |
| Buskirk Lumber Co<br>319 Oak Street<br>Freeport, MI 49325 United States | Paul Kamps<br>(616) 765-5103<br>paul@buskirklumber.com | Trade Debt | | $0 | $0 | $136,334.18 |
| Crest Transportation Logistics LLC<br>7541 Crater Lake Hwy<br>White City, OR 97503<br>United States | Priscilla Zambrano<br>Phone # 541-973-2330<br>Email priscilla@cresttransinc.com | Trade Debt | | $0 | $0 | $129,050.00 |
| Post Hardwoods Inc<br>3544 38Th St<br>Hamilton, MI 49419-9561<br>United States | Robert Post<br>(269) 751-2221<br>posthardwoods@gmail.com | Trade Debt | | $0 | $0 | $125,864.50 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Wagner Hardwoods LLC<br>PO Box 68<br>Cayuta, NY 14824-0068<br>United States | Brian Sexton<br>(607) 594-3321<br>bsexton@wagnerlumber.com | Trade Debt | | $0 | $0 | $117,672.90 |
| Maple Rapids Lumber Mill Inc<br>6366 N Forest Hill Rd<br>Saint Johns, MI 48879-9731<br>United States | Catherine Childers<br>(989) 682-4225<br>cathy@maplerapidslumber.com | Trade Debt | | $0 | $0 | $116,636.36 |
| Meherrin River Forest Products<br>71 North Oak St<br>Alberta, VA 23821 United States | Sharon Sheldon<br>(434) 949-7707<br>sharon@meherrinriver.com | Trade Debt | | $0 | $0 | $116,591.49 |
| Besse Forest Products Inc<br>933 N 8th St PO Box 352<br>Gladstone, MI 49837 United States | Dennis Gustafson<br>(715) 532-6026<br>dgustafson@bessegroup.com | Trade Debt | | $0 | $0 | $112,275.33 |
| Hardwoods Specialty Products US LP<br>845 Intermodal Drive Unit 3<br>Brampton, ON L6T 0C6<br>United States | Dave Leonard<br>(866) 255-5545<br>dleonard@hardwoods-inc.com | Trade Debt | | $0 | $0 | $109,910.72 |
| Oldcastle Apg, Inc<br>3 Glenlake Pkwy 12Th Floor<br>Atlanta, GA 30328 United States | Mathew Bruce<br>(201) 610-6600<br>Mathew.Bruce@oldcastle.com | Trade Debt | | $0 | $0 | $107,417.00 |
| FIA Timber Growth and Value PA LLC<br>15 Piedmont Center Suite 1250<br>Atlanta, GA 30305 United States | Brian Blankenship<br>(404) 261-9575<br>bblankenship@forestinvest.com | Trade Debt | | $0 | $0 | $107,342.00 |
| Turman Sawmill Inc<br>PO Box 475<br>Hillsville, VA 24343 United States | Lee Dougherty<br>(276) 733-9333<br>lee@theturmangroup.com | Trade Debt | | $0 | $0 | $103,785.89 |
| Crownover Lumber Co Inc<br>501 Fairview Avenue PO Box 301<br>McArthur, OH 45651 United States | Brody Crownover<br>(740) 596-5229<br>brodycrownover@yahoo.com | Trade Debt | | $0 | $0 | $103,431.36 |
| Zurich North America<br>8734 Paysphere Circle<br>Chicago, IL 60674 United States | Chris Colwell<br>(312) 496-9358<br>chris.colwell@zurichna.com | Trade Debt | | $0 | $0 | $101,808.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Syktyvkar Plywood Mill Limited 66 Ukhtinskoye Ave Syktyvkar Komi Republic 167026 Russia | Garbuzyuk V.M. +7 (8212) 29-37-73 | Trade Debt | | $0 | $0 | $99,755.83 |
| XPO Logistics Drayage LLC 13777 Ballantyne Corporate Pl Charlotte, NC 28262 United States | Larry Kuharevicz Phone 630-645-6530 Email Larry.Kuharevicz@xpo.com | Trade Debt | | $0 | $0 | $97,750.00 |

**Fill in this information to identify the case:**

Debtor name: **Northwest Hardwoods, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   **Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 23, 2020**     X   **/s/ Nathan Jeppson**
Signature of individual signing on behalf of debtor

**Nathan Jeppson**
Printed name

**Chairman, President,** and CEO
Position or relationship to debtor

**UNANIMOUS WRITTEN CONSENT
OF
THE BOARD OF DIRECTORS (the "BOARD")
OF
NORTHWEST HARDWOODS, INC. (the "COMPANY")**

**November 11, 2020**

**VOLUNTARY PETITION UNDER THE PROVISIONS OF CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE**

WHEREAS, the Company is the issuer under (i) that certain Indenture, dated as of July 18, 2014 (as amended, supplemented or otherwise modified, the "2014 Indenture"), among the Company, Hardwoods Intermediate Holdings II, Inc. ("Holdings"), the other Guarantors party thereto, and the Bank of New York Mellon, as Trustee and Notes Collateral Agent, pursuant to which the 7.500% Senior Secured Notes due 2021 ("2014 Notes") are outstanding and (ii) that certain Indenture, dated as of February 20, 2015 (as amended, supplemented or otherwise modified, the "2015 Indenture", and together with the 2014 Indenture, the "Indentures"), among the Company, Holdings, the other Guarantors party thereto, and the Bank of New York Mellon, as Trustee and Notes Collateral Agent, pursuant to which the 7.500% Senior Secured Notes due 2021 ("2015 Notes" and together with the 2014 Notes, the "Notes") are outstanding.

WHEREAS, the Company, Holdings, and Hardwoods Holdings, Inc. (collectively, the "Company Parties") have engaged in discussions with an ad hoc group of holders of the Notes (the "AHG") regarding a consensual restructuring of the Company Parties' indebtedness (the "Restructuring");

WHEREAS, on October 21, 2020, the Company Parties entered into a restructuring support agreement (the "RSA") with (i) the AHG and (ii) certain equity holders of Hardwoods Holdings, Inc., which RSA outlines the terms of the Restructuring;

WHEREAS, the RSA contemplates that the Company Parties may file voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware to effect the Restructuring through a prepackaged chapter 11 plan of reorganization in substantially the form attached hereto as **Exhibit A** (the "Plan");

WHEREAS, the Plan is consistent in all material respects with the terms and conditions of the RSA and the term sheet attached as an exhibit thereto, as previously approved by the Board;

WHEREAS, the Restructuring contemplates, *inter alia*, that the Company will (i) enter into a term loan credit agreement (the "Exit Term Loan Credit Agreement") pursuant to which the Company will become the borrower of an up to $110 million term loan, (ii) enter into an asset-based revolving credit agreement (the "Exit ABL Credit Agreement") pursuant to which the lender parties thereto will provide the Company with an up to $100 million revolving credit facility (the "Exit ABL Facility"), and (iii) on or as soon as reasonably practicable after the occurrence of the effective date of the Plan, apply proceeds from the Exit ABL Facility, or cash on hand, to pay

down all outstanding amounts under that certain Asset-Based Revolving Credit Agreement, dated as of July 18, 2014, among the Company, Holdings, Bank of America, N.A., as administrative agent, and other lender parties thereto;

WHEREAS, the Company Parties desire, prior to the commencement of the Chapter 11 Cases, to solicit votes on the Plan by sending each creditor and equity holder entitled to vote on the Plan: (i) a copy of the Plan, (ii) a disclosure statement with respect to the Plan, in substantially the form attached hereto as **Exhibit B** (the "Disclosure Statement"), and (iii) certain other related materials;

WHEREAS, the Board has had the opportunity to consult with the Company Parties' management and financial and legal advisors to fully consider each of the strategic alternatives available to the Company Parties, and to receive all information it deemed appropriate (including with respect to its fiduciary duties); and

WHEREAS, the members of the Board have made known to the Board their conflicts or potential conflicts of interest with respect to the matters being considered;

NOW THEREFORE BE IT:

RESOLVED THAT, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company (i) commence solicitation of votes to accept the Plan from creditors and equity holders entitled to vote on the Plan, (ii) file or cause to be filed voluntary petitions for relief to commence the Chapter 11 Cases, and (iii) effect the Restructuring contemplated by the Plan and the RSA;

FURTHER RESOLVED THAT, the officers of the Company (each, an "Authorized Person"), acting alone or with one or more other Authorized Persons, with power of delegation, be, and they hereby are, authorized to (i) commence solicitation of votes to accept the Plan, (ii) execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents and any amendments thereto in connection with the Chapter 11 Cases and the Plan under the Bankruptcy Code, and (iii) take any and all action that such Authorized Person or Authorized Persons deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business pending the resolution of the Chapter 11 Cases.

**RETENTION OF PROFESSIONALS**

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to employ the law firm of Gibson, Dunn & Crutcher LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Gibson, Dunn & Crutcher LLP;

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as co-bankruptcy and local counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Huron Consulting Services LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Huron Consulting Services LLC;

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC as claims, noticing, balloting, and administrative agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC;

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to retain such other professionals as they deem appropriate during the course of the Chapter 11 Cases;

**PLAN, DISCLOSURE STATEMENT, EXIT TERM LOAN CREDIT AGREEMENT AND EXIT ABL CREDIT AGREEMENT**

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to file the Plan and Disclosure Statement and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan and the Restructuring;

FURTHER RESOLVED THAT, the Authorized Persons be, and they hereby are, authorized and directed to take or cause to be taken any and all such other and further action, and to negotiate, execute, acknowledge, deliver, or file any and all such agreements, certificates, instruments, collateral documents, mortgages, guaranties, notices and any and all other documents as each, in such Authorized Person's discretion, may deem necessary or advisable in order to consummate the Plan and the Restructuring, including, without limitation, the Exit Term Loan Credit Agreement and the Exit ABL Credit Agreement (together, the "Exit Facility Credit Agreements"), and such agreements, certificates, instruments, collateral documents, mortgages,

guaranties, notices and any and all other documents as the Authorized Person may deem necessary or appropriate to facilitate the execution and delivery of the Exit Facility Credit Agreements;

## **CASH COLLATERAL AGREEMENT**

FURTHER RESOLVED THAT, in connection with the commencement of the Chapter 11 Cases by the Company Parties, any Authorized Persons be, and hereby are, authorized, empowered, and directed to take any and all actions necessary in order to obtain court approval for the use of cash collateral and to negotiate, execute, and deliver any agreements for the use of cash collateral in connection with the Chapter 11 Cases, and to take such additional action and to execute and deliver each other agreement, instrument, or document, to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Persons approve, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## **GENERAL**

FURTHER RESOLVED THAT, the Authorized Persons of the Company be, and each of them severally hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver, or to cause to be executed and delivered, all such other agreements, instruments, certificates and documents, to do or cause to be done all such further acts and things, and to pay or cause to be paid all necessary fees and expenses (including, without limitation, legal, financial advisory and auditors' fees and expenses), as they or any of them may deem necessary or advisable in connection with the transactions contemplated by the Agreement or to effectuate the purpose and intent of the foregoing resolutions, such approval to be conclusively evidenced by the taking of any such action or the execution and delivery of any such instrument by such officer; and

FURTHER RESOLVED THAT, any and all action heretofore taken by any officer or director of the Company in connection with the documents and transactions referred or contemplated by the foregoing resolutions are hereby ratified, approved and confirmed in all respects.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the first date and year written above.

**NORTHWEST HARDWOODS, INC.**

By: _____
Name: Brian Ramsay
Title: Director

By: _____
Name: Edmund J. Feeley
Title: Director

By: _____
Name: Nathan Jeppson
Title: Director