**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTHWEST HARDWOODS, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 20-13005 (___)<br><br>Tax I.D. No. 45-2065401 |
| In re:<br><br>HARDWOODS INTERMEDIATE HOLDINGS II, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 20-13006 (___)<br><br>Tax I.D. No. 45-2817760 |
| In re:<br><br>HARDWOODS HOLDINGS, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 20-13007 (___)<br><br>Tax I.D. No. 47-1153443 |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Northwest Hardwoods, Inc. and its affiliated debtors and debtors-in-possession (each, a "Debtor," and collectively, the "Debtors") respectfully submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Chapter 11 Cases (as defined

herein). In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Nathan Jeppson in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"), which is filed concurrently herewith.[1] In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession.

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the First Day Declaration.

5. On October 21, 2020, the Debtors executed a Restructuring Support Agreement (as may be amended, supplemented, or otherwise modified from time to time in accordance with its terms, and including all annexes, exhibits and schedules thereto, the "RSA") with (a) certain holders of the Secured Notes Claims (the "Ad Hoc Noteholder Group") and (b) certain affiliates of Littlejohn & Co. LLC (collectively, the "Sponsor Equityholder"). Subsequently, shareholder Forest Field Limited (together with the Sponsor Equityholder and the Ad Hoc Noteholder Group, the "Consenting Stakeholders") signed the RSA. The Consenting Stakeholders under the RSA collectively hold more than 95% of the Secured Notes Claims and hold approximately 94% of the outstanding common stock in Debtor Hardwood Holdings, Inc. The RSA sets forth the principal terms of the Restructuring Transactions and requires the Consenting Stakeholders to support the Plan. As contemplated by the RSA, on November 13, 2020, the Debtors began soliciting votes on the Plan, and as of the Petition Date, Consenting Stakeholders holding approximately 83% of the Secured Notes Claims and approximately 98% of the outstanding common stock in Debtor Hardwoods Holdings, Inc. have submitted ballots accepting the Plan.

6. No request for a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

7. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration.

## RELIEF REQUESTED

8. By this Motion, the Debtors request entry of the Proposed Order directing the joint administration of the Chapter 11 Cases for procedural purposes only.

**BASIS FOR RELIEF**

9. Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as follows:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

10. Further, Local Rule 1015-1 provides the following:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

11. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

12. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in the Chapter 11 Cases will affect all of the Debtors. With three (3) Debtors, each with its own case docket, not administering the Chapter 11 Cases jointly would result in numerous, duplicative filings, which would then be served upon separate service lists. This duplication would be wasteful and would unnecessarily overburden the Clerk of the Court and the Debtors.

13. Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed in the Chapter 11 Cases; and (b) file the papers in one case rather than in multiple cases. Joint administration will also relieve this Court of the burden of entering duplicative orders and maintaining duplicative files and ease the burden on the Office of the United States Trustee for the District of Delaware in supervising the Chapter 11 Cases.

14. Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties in interest. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in each of the Chapter 11 Cases.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate against which it asserts a

claim or right. In addition, all creditors will benefit from the reduced costs that will result from joint administration.

16. The Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| Debtors. | ) | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

The footnote reference in the caption above will set forth a complete listing of the Debtors' names, as well as the last four (4) digits of each Debtor's tax identification number and the Debtors' mailing address, as shown.

17. The Debtors submit that use of this simplified caption, without reference to the Debtors' complete tax identification numbers and other detail specified by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures. Further, this case-specific information will be listed in the Debtors' petitions, which are publicly available to parties in interest or will be provided by the Debtors upon request, and in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7) and 2002(b), as made applicable to the Chapter 11 Cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

18. In addition, the Debtors request that the Court make separate docket entries on the case docket of each Debtor (other than Northwest Hardwoods, Inc.), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Northwest Hardwoods, Inc., Case No. 20-13005 (___) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 20-13005 (___) should be consulted for all matters affecting this case.

19. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Del. Bankr. L.R. 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. As noted above, the relief sought herein is solely procedural and is not intended to affect substantive rights.

20. Accordingly, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

**NOTICE**

21. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the attorneys general for the states in which the Debtors conduct business; (f) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq., Weston T. Eguchi, Esq., and Agustina G. Berro, Esq., and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; (g) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. and David E. White, Esq.; (h) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I. Swett;

(i) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn.: Elizabeth Taraila, Esq.; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 23, 2020
Wilmington, Delaware

*/s/ Sean M. Beach*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: sbeach@ycst.com
jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman (*pro hac vice* admission pending)
J. Eric Wise (*pro hac vice* admission pending)
Matthew K. Kelsey (*pro hac vice* admission pending)
Alan Moskowitz (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035
Email: dfeldman@gibsondunn.com
ewise@gibsondunn.com
mkelsey@gibsondunn.com
amoskowitz@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

## PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>NORTHWEST HARDWOODS, INC.<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 20-13005 (___)<br><br>Tax I.D. No. 45-2065401 |
| In re:<br><br>HARDWOODS INTERMEDIATE HOLDINGS II, INC.<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 20-13006 (___)<br><br>Tax I.D. No. 45-2817760 |
| In re:<br><br>HARDWOODS HOLDINGS, INC.<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 20-13007 (___)<br><br>Tax I.D. No. 47-1153443 |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the *Motion of Debtors for Entry of an Order Authorizing Joint Administration of Chapter 11 Cases* (the "Motion")[1] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having considered the First Day Declaration; and the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 20-13005 (___) in accordance with the provisions of Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3. The official caption to be used by all parties on all pleadings and other documents filed in the jointly administered cases shall be as follows:

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27375679.2

As reflected in the caption set forth above, footnote 1 shall set forth a complete listing of the Debtors' names, as well as the last four (4) digits of each Debtor's tax identification number and the Debtors' mailing address.

4. The caption set forth above shall be deemed to satisfy any applicable requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

5. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Northwest Hardwoods, Inc., Case No. 20-13005 (___).

6. A docket entry shall be made in the chapter 11 case of each Debtor (other than Northwest Hardwoods, Inc.), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Northwest Hardwoods, Inc., Case No. 20-13005 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 20-13005 (___) should be consulted for all matters affecting this case.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

8. This Order shall take effect immediately upon entry.

9. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ____________________, 2020
Wilmington, Delaware

______________________________
UNITED STATES BANKRUPTCY JUDGE