## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | Case No. 20-13005 (___) |
| Debtors. | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF

Northwest Hardwoods, Inc. and its affiliated debtors and debtors-in-possession (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") respectfully submit this motion (this "<u>Motion</u>") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "<u>Interim Order</u>") and **Exhibit B** (the "<u>Final Order</u>" and, together with the Interim Order, each a "<u>Proposed Order</u>"), pursuant to sections 105, 362, and 541 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rules 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), that (a) approve certain notice and hearing procedures (the "<u>Procedures</u>"), as detailed in **Attachment 1** to each of the Proposed Orders, related to transfers of, or declarations of worthlessness with respect to, Debtor Hardwoods Holdings, Inc.'s

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

existing common stock or any Beneficial Ownership[2] thereof (any such record or Beneficial

Ownership of common stock, the "Common Stock"),[3] (b) direct that any purchase, sale, other

transfer of, or declaration of worthlessness with respect to Common Stock in violation of the

Procedures shall be null and void *ab initio*, and (c) grant related relief.  In support of this Motion,

the Debtors rely upon and incorporate by reference the *Declaration of Nathan Jeppson in Support*

*of Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"),

which is filed concurrently herewith.[4]  In further support of this Motion, the Debtors respectfully

represent as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware dated as of

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order

by the Court in connection with the Motion to the extent it is later determined that the Court, absent

---

[2]    "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

[3]    For the avoidance of doubt, the definition of Common Stock shall not include any securities issued in connection with a chapter 11 plan of reorganization of the Debtors.

[4]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the First Day Declaration.

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicates for the relief requested herein are sections 105, 362, and 541 of the Bankruptcy Code, Bankruptcy Rules 6003, 6004, and 9014, and Local Rule 9013-1(m).

## **BACKGROUND**

4.    On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession.

5.    On October 21, 2020, the Debtors executed a Restructuring Support Agreement (as may be amended, supplemented, or otherwise modified from time to time in accordance with its terms, and including all annexes, exhibits and schedules thereto, the "RSA") with (a) certain holders of the Secured Notes Claims (the "Ad Hoc Noteholder Group") and (b) certain affiliates of Littlejohn & Co. LLC (collectively, the "Sponsor Equityholder").  Subsequently, shareholder Forest Field Limited (together with the Sponsor Equityholder and the Ad Hoc Noteholder Group, the "Consenting Stakeholders") signed the RSA.  The Consenting Stakeholders under the RSA collectively hold more than 95% of the Secured Notes Claims and hold approximately 94% of the outstanding common stock in Debtor Hardwood Holdings, Inc.  The RSA sets forth the principal terms of the Restructuring Transactions and requires the Consenting Stakeholders to support the Plan.  As contemplated by the RSA, on November 13, 2020, the Debtors began soliciting votes on the Plan, and as of the Petition Date, Consenting Stakeholders holding approximately 83% of the

Secured Notes Claims and approximately 98% of the outstanding common stock in Debtor Hardwoods Holdings, Inc. have submitted ballots accepting the Plan.

6.    Contemporaneously herewith, the Debtors filed a motion seeking procedural consolidation and joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

7.    Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration.

## RELIEF REQUESTED

8.    Generally, a company generates net operating losses ("NOLs") if the operating expenses it has incurred exceed the revenues it has earned during a single tax year.  A company may apply, or "carry forward," NOLs and disallowed business interest expense to reduce future tax payments (subject to certain conditions as discussed below).  *See* IRC §§ 163(j), 172.

9.    The Debtors currently estimate that, as of December 31, 2019, they had approximately $18,400,000 of NOL carryforwards, and carryforwards of disallowed business interest expense of approximately $45,900,000 (collectively, and together with certain other tax attributes, the "Tax Attributes").  The Debtors further estimate that they may generate additional Tax Attributes in the 2020 tax year.[5]  The Tax Attributes are of significant value to the Debtors and their estates because the Debtors expect to be able to carry forward certain Tax Attributes to offset future taxable income

---

[5]    As of the date of this Motion, the Debtors have generated interest expense that is expected to give rise to a carryforward of disallowed business interest expense for 2020 of at least $19,400,000.

or utilize the Tax Attributes to offset any taxable income generated by transactions consummated during these chapter 11 cases.

10.    To preserve the value of the Tax Attributes for the benefit of all of the Debtors' stakeholders, the Debtors seek authorization of the Procedures described below for monitoring the transfer and the claiming of a worthless stock deduction by any Substantial Shareholder (as defined below) with respect to Beneficial Ownership of Common Stock (including indirect ownership of, and Options to acquire, Beneficial Ownership of Common Stock).

## A.    Overview of Tax Attributes and Impact of an Ownership Change

11.    Sections 382 and 383 of the IRC limit the amount of taxable income and tax liability, respectively, that can be offset by a corporation's tax attributes in taxable years (or portions thereof) following an "ownership change."  Generally, an "ownership change" occurs when the percentage of a corporation's equity (by value) owned by one or more of its "5-percent shareholders" (as defined in section 382 of the IRC) has increased by more than fifty (50) percentage points above the lowest percentage of the corporation's equity owned by such shareholder(s) at any time during the relevant testing period.

12.    An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-Percent Shareholder"[6] of a corporation with respect to such shareholder's Beneficial Ownership of stock in that corporation.  Specifically, if (a) a 50-Percent Shareholder of a corporation claims a worthless stock deduction during any taxable year and (b) the stock with respect to which such worthless stock deduction is taken is beneficially owned by the shareholder at the end of such taxable year, then the shareholder is treated as having acquired its Beneficial

---

[6]    For purposes of this Motion and the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2017, has owned Beneficial Ownership of 50 percent or more of the Common Stock, (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Ownership of such stock on the first day of the shareholder's next taxable year and is treated as never having owned such Beneficial Ownership of stock during any prior year for purposes of testing whether an ownership change has occurred.  The claiming of a worthless stock deduction by a 50-Percent Shareholder may therefore result in ownership change under the IRC.

13.  If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future taxable income that may be offset by its "pre-change losses," and section 383 of the IRC limits the amount of a corporation's future tax liability that may be offset by its "excess credits," in each case, to an annual amount based on the fair market value of all of the stock of the corporation prior to the ownership change multiplied by the long-term tax exempt rate that applies to the month of the ownership change.  *See* IRC §§ 382(b) and 383(a).  Pre-change losses and excess credits include the Debtors' Tax Attributes and any so-called "realized built-in losses."[7] Once a Tax Attribute is limited under section 382 or 383 of the IRC, its use is generally limited forever.  Thus, certain transfers or worthless stock deductions with respect to Beneficial Ownership of Common Stock effected before the effective date of the Debtors' emergence from chapter 11 protection may trigger an "ownership change" for IRC purposes, severely endangering the Debtors' ability to utilize the Tax Attributes and causing substantial damage to the Debtors' estates.

14.  Notably, the Debtors seek limited relief only to the extent necessary to preserve estate value.  Specifically, the Proposed Orders will affect only: (a) holders of the equivalent of Beneficial Ownership of more than 6,430.91 shares of Common Stock (*i.e.*, 4.5 percent or more of outstanding Common Stock); (b) parties who are interested in purchasing sufficient Common

---

[7] Realized built-in losses are built-in losses that are unrealized at the time of the ownership change and are subsequently realized during the 5-year period following the ownership change. *See* Treasury Regulations Section 1.382-2(a)(2)(iii).

Stock to result in such party becoming a holder of 4.5 percent or more of Beneficial Ownership of outstanding Common Stock; and (c) any 50-Percent Shareholder (as defined in the Procedures attached to the Proposed Orders) seeking to claim a worthless stock deduction.

15.    The limited relief the Debtors seek pursuant to this Motion will help maximize use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders by enabling the Debtors to monitor certain transfers of Beneficial Ownership of Common Stock and certain worthless stock deductions with respect to Beneficial Ownership of Common Stock, and allowing them to act expeditiously to prevent such transfers or worthlessness deductions, if necessary, to preserve the Tax Attributes for the benefit of their estates.

**B.    Proposed Procedures for Transfers of, or Declarations of Worthlessness with Respect to, Common Stock**

16.    The Procedures are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain transfers of Beneficial Ownership of Common Stock and declarations of worthlessness with respect to Beneficial Ownership of Common Stock to ensure preservation of the Tax Attributes.    The Procedures, which are fully set forth in **Attachment 1** to the Proposed Orders, are summarized below.

**1.    Transfers of Beneficial Ownership of Common Stock**

    a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (defined below) must file with the Court, and serve upon the Declaration Notice Parties (as defined in the Procedures), a declaration of such status, substantially in the form of **Annex A** attached to the Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order (defined below), or (ii) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

    b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual

becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Annex B** attached to the Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Beneficial Ownership of Common Stock, substantially in the form of **Annex C** attached to the Procedures (each, a "Declaration of Intent to Transfer Common Stock" and, together with a Declaration of Intent to Accumulate Common Stock, a "Declaration of Proposed Transfer").

d.     The Debtors shall have twenty (20) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty (20)-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty (20)-day waiting period for each Declaration of Proposed Transfer.

e.     For purposes of the Procedures a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,430.91 shares of Common Stock (*i.e.*, 4.5 percent or more of outstanding Common Stock).[8]

## 2.     Declarations of Worthlessness of Common Stock

a.     Any person or entity that currently is or becomes a 50-Percent Shareholder (other than the Sponsor Equityholder) must file with the Court and serve upon the Declaration Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form of **Annex D** attached to the Procedures (each,

---

[8]     Based on approximately 142,909.18 shares of Common Stock outstanding for purposes of section 382 of the IRC as of the Petition Date.

a "Declaration of Status as a 50-Percent Shareholder"),[9] on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order, and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth in the Procedures shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.     Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form of **Annex E** attached to the Procedures.

(i)     The Debtors shall have twenty (20) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

(ii)    If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

(iii)   If the Debtors do not object within such twenty (20)-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty (20)-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

## 3.     Notice Procedures

a.     No later than two (2) business days after entry of the Proposed Orders, respectively, the Debtors will serve by first class mail notice of such Proposed Order and the Procedures, substantially in the form of **Attachment 2** annexed to the Proposed

---

[9]     Upon entry of the Proposed Orders, the Sponsor Equityholder shall be deemed to be a 50-Percent Shareholder without being required to file a Declaration of Status as a 50-Percent Shareholder.

Orders (the "Notice of Order") upon the Notice Parties (as defined in the Procedures).[10]

b.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.    Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.    As soon as is practicable following entry of the Order, the Debtors shall submit a copy of the Notice of Order (modified for publication) for publication in *The Seattle Times*.

e.    To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors **shall not** be in redacted form but must be served via electronic mail on the Debtors' counsel. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

---

[10]    The notice provisions in the Procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the relevant counterparties with notice and an opportunity to object and attend a hearing. *See, e.g., Harada v. DBL Liquidating Trust (In re Drexel Burnham Lambert Group, Inc.),* 160 B.R. 729, 733 (S.D.N.Y. 1993) (indicating that an opportunity to present objections satisfies due process); *In re Waterman Steamship Corp.,* 157 B.R. 220, 221 (S.D.N.Y.1993) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *see also In re Atamian,* 368 B.R. 375, 378 (Bankr. D. Del. 2007) ("Rule 9014 does not require a hearing, only an opportunity for a hearing." (citation omitted)), *aff'd,* Case No. 05-20040 (MFW), 2008 WL 853462 (D. Del. Mar. 31, 2008), 300 F. App'x 175 (3d Cir. 2008); *Flynn v. Eley (In re Colo. Mountain Cellars, Inc.),* 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).

## BASIS FOR RELIEF

**A.      The Automatic Stay Bars Any Equity Transfer that Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

17.   In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority to monitor and approve (or disapprove) certain changes in, and worthless stock deduction claims by Substantial Shareholders with respect to, the Beneficial Ownership of Common Stock (including indirect ownership of, and Options to acquire, Beneficial Ownership of Common Stock) to protect against the occurrence of an ownership change during the pendency of these Chapter 11 Cases, and thereby preserve the potential value of the Tax Attributes.

18.   Section 362 of the Bankruptcy Code enjoins all entities from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate.  Section 541 of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of a debtor in property as of the commencement a chapter 11 case, including tax benefits.

19.   The Tax Attributes are valuable property of the Debtors' estates and thus are protected, by operation of the automatic stay, from actions that would diminish their value, including transfers and tax deduction claims that would effect an ownership change.  It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay.  *See Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 574 (2d Cir. 1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998)

("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Grossman's Inc.*, No. 97-695 (PJW), 1997 WL 33446314 (Bankr. D. Del. Oct. 9, 1997). The United States Court of Appeals for the Second Circuit affirmed the application of the automatic stay to a debtor's tax benefits and upheld a permanent injunction prohibiting a parent corporation from claiming a worthless stock deduction that would have adversely affected the ability of the parent corporation's subsidiary to utilize its NOLs under the special relief provisions of section 382 of the Tax Code. *See Prudential Lines*, 928 F.2d at 573. As the Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's estate is consistent with Congress' intention to "bring anything of value that the debtors have into the estate." Moreover, . . . [i]ncluding the right to a NOL carryforward as property of [a debtor's] bankruptcy estate furthers the purpose of facilitating the reorganization of [the debtor].

*Id.* (quoting H.R. Rep. No. 95-595, at 176 (1978)) (citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

20. In *Prudential Lines*, the Second Circuit determined that if the parent corporation were permitted to claim a worthless stock deduction, its subsidiary's ability to carry forward its NOLs would be adversely impacted. The Second Circuit concluded that "despite the fact that the [parent corporation's] action [was] not directed specifically at [the debtor subsidiary], it [nonetheless was] barred by the automatic stay as an attempt to exercise control over property of the estate." *Prudential Lines*, 928 F.2d at 573–574.

21.  In addition to finding that a debtor's NOLs are protected by the automatic stay, the Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, a bankruptcy court may issue a permanent injunction to protect such NOLs.  *Id.* at 574.

22.  In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the bankruptcy court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have had an adverse effect on their ability to utilize their NOLs, even though the debtors' stockholders had not stated any intent to sell their stock and the debtors had not shown that a sale that would trigger an ownership change was pending.  *See id.* at 927.  Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the NOL has a potential value, as yet undetermined, which will be of benefit to creditors and will assist debtors in their reorganization process.  This asset is entitled to protection while [the d]ebtors move forward toward reorganization."  *Id.* (emphasis added).

23.  The bankruptcy court in *Phar-Mor* also concluded that, because the debtors were seeking to enforce the automatic stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits.  The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

24.  Bankruptcy courts, including those in this District, have regularly approved restrictions on equity trading and worthless stock deduction claims to protect a debtor against the possible loss of valuable tax attributes.  *See, e.g.*, *In re Chaparral Energy, Inc.*, No. 20-11947

(MFW) (Bankr. D. Del. Sept. 10, 2020) [Docket No. 168] (approving notification procedures and restrictions on certain equity transfers); *In re Brooks Brothers Group, Inc.*, No. 20-11785 (CSS) (Bankr. D. Del. Aug. 8, 2020) [Docket No. 331] (approving notification procedures and restrictions on certain equity transfers and worthless stock deduction claims); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) (Bankr. D. Del. July 14, 2020) [Docket No. 551] (same). Accordingly, it is well settled that, pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay enjoins actions that would adversely affect a debtor's ability to utilize its NOLs and other tax benefits.

**B.    The Procedures Are Necessary and in the Best Interests of the Debtors, Their Estates, and Their Creditors**

25.    Furthermore, the Procedures are necessary to avoid significantly impairing the Debtors' ability to utilize their Tax Attributes.  The Debtors' ability to preserve the value of their Tax Attributes may be jeopardized unless the Procedures are established immediately (and effective as of the Petition Date) to ensure that trading in, and worthless stock deduction claims by Substantial Shareholders with respect to, Beneficial Ownership of Common Stock (including indirect ownership of, and Options to acquire, Beneficial Ownership of Common Stock), are either precluded or closely monitored and made subject to Court approval.  Depending on the Debtors' tax profile during the pendency of these Chapter 11 Cases, future earnings, and the consequences of a restructuring, the Debtors' ability to utilize the Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11.  The relief requested herein is narrowly tailored to permit certain equity trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws.

26.    The Debtors respectfully submit that the Procedures must be implemented as soon as possible.  Even if a transfer or worthless stock deduction claim by a Substantial Shareholder were

to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of the Court that prohibited such a transfer or worthless stock deduction claim retroactively to the Petition Date, under federal income tax law, such transfer or worthless stock deduction claim nevertheless may be regarded as having occurred for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value.  Accordingly, if a transfer or worthless stock deduction claim occurs that limits the Debtors' ability to utilize their Tax Attributes under section 382 or section 383 of the Tax Code, the Debtors' ability to realize the value of their Tax Attributes may be permanently diminished.  The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates and therefore in the best interests of all stakeholders. Accordingly, the Debtors respectfully request that the Court authorize the Procedures.

### BANKRUPTCY RULE 6003 HAS BEEN SATISFIED AND BANKRUPTCY RULE 6004 SHOULD BE WAIVED

27.   Under Bankruptcy Rule 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as set forth in the First Day Declaration, and relief on an interim basis is therefore appropriate under Bankruptcy Rule 6003, if applicable.

28.   The urgency of the relief requested justifies immediate relief.  To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the fourteen (14)-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

29.   Nothing contained herein is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (d) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party-in-interest's rights to dispute such claim.

## NOTICE

30.   Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the attorneys general for the states in which the Debtors conduct business; (f) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq., Weston T. Eguchi, Esq., and Agustina G. Berro, Esq., and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; (g) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. and David E. White, Esq.; (h) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I. Swett; (i) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn: Elizabeth Taraila, Esq.; (j) the U.S. Securities and Exchange Commission;

and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    November 23, 2020
          Wilmington, Delaware

*/s/*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email:  sbeach@ycst.com
       jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman  (*pro hac vice* admission pending)
J. Eric Wise (*pro hac vice* admission pending)
Matthew K. Kelsey  (*pro hac vice* admission pending)
Alan Moskowitz (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035
Email:  dfeldman@gibsondunn.com
       ewise@gibsondunn.com
       mkelsey@gibsondunn.com
       amoskowitz@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**PROPOSED INTERIM ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**INTERIM ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion and having heard the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]   All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having considered the First Day Declaration; and the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establishes just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Procedures, substantially in the form of **Attachment 1** annexed hereto, are approved.

3. In accordance with the Procedures, the Sponsor Equityholder shall not be required to file a Declaration of Status as a 50-Percent Shareholder, but is hereby deemed to be a 50-Percent Shareholder.

4. The Form of Notice of Order, substantially in the form of **Attachment 2** annexed hereto, are approved.

5. Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void ab initio.

6. In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void ab initio.

7.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void ab initio.

8.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

9.      To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Interim Order shall govern.

10.      The requirements set forth in this Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

11.      Nothing herein shall preclude any person desirous of acquiring any Common Stock from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

12.      Other than to the extent that this Interim Order expressly conditions or restricts trading in, or claiming worthless stock deductions with respect to, Common Stock, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

13.      Within three (3) business days of the entry of this Interim Order or as soon as reasonably practicable, the Debtors shall post this Interim Order and the Procedures to the website established by Debtors Noticing Agent for these chapter 11 cases at https://cases.primeclerk.com/nwh.

14.    The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

15.    A hearing to consider entry of an order granting the Motion on a final basis (the "Final Hearing") shall take place on _____, 2020 at __:__ _.m. (prevailing Eastern Time).  On or before 4:00 p.m. (prevailing Eastern Time) on _____, 2020, any objections or responses to the Motion shall be filed with the Court, and served on (a) proposed counsel to the Debtors, (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com)) and (ii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com)); (b) the Office of the United States Trustee for the District of Delaware (Attn: Juliet. M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov)); (c) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, (Attn: Jeffrey Pawlitz, Esq. (JPawlitz@willkie.com), Weston T. Eguchi, Esq. (WEguchi@willkie.com), and Agustina G. Berro, Esq. (ABerro@willkie.com)), and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (d) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019 (Attn: Scott K. Charles, Esq. (SKCharles@wlrk.com) and David E. White, Esq. (DEWhite@wlrk.com)); (e) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020 (Attn: Brian I. Swett, Esq. (bswett@mcguirewoods.com)); (f) counsel

to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, (Attn: Elizabeth Taraila, Esq. (ETaraila@emmetmarvin.com)); (g) counsel to any Committee appointed in these Chapter 11 Cases; and (h) any other party that has filed a request for notices with this Court.

16.     In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter the Final Order without need for the Final Hearing.

17.     Nothing contained in this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors, (b) a waiver or limitation of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, against the Debtors, (c) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (d) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

18.     The contents of the Motion satisfy the requirements of Bankruptcy Rules 6003(b) and 6004(a).

19.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon its entry.

20.     The Debtors are authorized to take any and all steps necessary or appropriate to carry out the relief granted in this Interim Order.

21.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: _____, 2020
      Wilmington, Delaware

 

_____
UNITED STATES BANKRUPTCY JUDGE

## ATTACHMENT 1

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH
RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK**

### 1.    Transfers of Beneficial Ownership of Common Stock

The following procedures apply to transfers of Beneficial Ownership of Common Stock:[1]

a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon:  (i) the Debtors, Northwest Hardwoods, Inc., 1313 Broadway, Suite 300, Tacoma, WA 98402, Attn: Chris Hannon; (ii) proposed counsel to the Debtors, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com); (iv) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet. M. Sarkessian (Juliet.M.Sarkessian@usdoj.gov); and (v) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form of **Annex A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Order (as defined herein), or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Annex B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]].

upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Beneficial Ownership of Common Stock, substantially in the form of **Annex C** attached to these Procedures (each, a "<u>Declaration of Intent to Transfer Common Stock</u>" and, together with a Declaration of Intent to Accumulate Common Stock, a "<u>Declaration of Proposed Transfer</u>").

d.     The Debtors shall have twenty (20) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such twenty (20)-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty (20)-day waiting period for each Declaration of Proposed Transfer.

e.     For purposes of these Procedures a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 6,430.91 shares of Common Stock (*i.e.*, 4.5 percent or more of outstanding Common Stock).[2]

## 2.    <u>Declarations of Worthlessness of Common Stock</u>

a.     Any person or entity that currently is or becomes a 50-Percent Shareholder[3] (other than the Sponsor Equityholder) must file with the Court and serve upon the Declaration Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form of **Annex D** attached to these Procedures (each, a "<u>Declaration of Status as a 50-Percent Shareholder</u>"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order, and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.     Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction

---

[2]    Based on approximately 142,909.18 shares of Common Stock outstanding for purposes of section 382 of the IRC as of the Petition Date.

[3]    For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that at any time since December 31, 2017, has owned Beneficial Ownership of 50 percent or more of the Common Stock, (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

(a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form of **Annex E** attached to these Procedures.

(i)    The Debtors shall have twenty (20) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

(ii)    If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

(iii)    If the Debtors do not object within such twenty (20)-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty (20)-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

### 3.    <u>Notice Procedures</u>

a.    No later than two (2) business days following entry of the Order, the Debtors shall serve a notice by first class mail, substantially in the form of **Attachment 2** (the "<u>Notice of Order</u>") annexed to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]], on: (i) the U.S. Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iii) any official committees appointed in these chapter 11 cases; (iv) the United States Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the United States Securities and Exchange Commission; (vii) the state attorneys general for states in which the Debtors conduct business; and (viii) the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock) (collectively, the "<u>Notice Parties</u>").

b.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.    Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.     As soon as is practicable following entry of the Order, the Debtors shall submit a copy of the Notice of Order (modified for publication) for publication in *The Seattle Times*.

e.     To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors **shall not** be in redacted form but must be served via electronic mail on the Debtors' counsel.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **ANNEX A**

**Declaration of Status as a Substantial Shareholder**

27376014.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a Substantial Shareholder, as determined by Beneficial Ownership, of the common stock of Hardwoods Holdings, Inc. (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such

Common Stock:

| Number of Shares | Date Acquired |
|---|---|
| | |
| | |
| | |
| | |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order*

*(I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of*

*Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Declaration Notice Parties (as defined in the Order).


*[Remainder of page intentionally left blank]*

27376014.2

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____,  _____
(City)            (State)

## **ANNEX B**

**Declaration of Intent to Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]    For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

  **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

[<em>Remainder of page intentionally left blank</em>]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
(City)                    (State)

## ANNEX C

**Declaration of Intent to Transfer Common Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

27376014.2

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

*[Remainder of page intentionally left blank]*

3

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
  (City)           (State)

<u>**ANNEX D**</u>

**Declaration of Status as a 50-Percent Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a 50-Percent Shareholder with respect to the common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]  For purposes of this Declaration: (a) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2016, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended (the "ICR") and the applicable Treasury Regulations); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

27376014.2

sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
| | |
| | |
| | |
| | |

(Attach additional page or pages if necessary)

  **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____

    (City)          (State)

**ANNEX E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]   For purposes of this Declaration: (a) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2016, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended (the "ICR") and the applicable Treasury Regulations); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such twenty (20)-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty (20)-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____

    (City)       (State)

**<u>ATTACHMENT 2</u>**

**Form of Notice of Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF INTERIM ORDER (I) APPROVING NOTIFICATION AND HEARING
PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO COMMON STOCK
AND (II) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF
HARDWOODS HOLDINGS, INC. (THE "COMMON STOCK"):**

 **PLEASE TAKE NOTICE** that, on November 23, 2020 (the "Petition Date"), the

above-captioned debtors and debtors in possession (collectively, the "Debtors") filed petitions

with the United States Bankruptcy Court for the District of Delaware (the "Court") under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain

exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession

of property of or from the Debtors' estates or to exercise control over property of or from the

Debtors' estates.

 **PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the

*Motion Of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

*Procedures for Certain Transfers of and Declarations Of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2020, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock, set forth in **Attachment 1** annexed to the Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions (including mandatory purchases or sales of Common Stock) may be required to restore the status quo.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership therein, in violation of the Procedures, any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

27376014.2

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Prime Clerk LLC, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https://cases.primeclerk.com/nwh.

**PLEASE TAKE FURTHER NOTICE** that failure to follow the procedures set forth in the Order shall constitute a violation of, among other things, the automatic stay provisions of Section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership therein, or option with respect thereto in violation of the order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

27376014.2

Dated:   November 23, 2020
         Wilmington, Delaware          */s/ Sean M. Beach*
                                       YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                       Sean M. Beach (No. 4070)
                                       Jacob D. Morton (No. 6684)
                                       Rodney Square
                                       1000 North King Street
                                       Wilmington, Delaware 19801
                                       Tel:    (302) 571-6600
                                       Fax:    (302) 571-1253
                                       Email:  sbeach@ycst.com
                                               jmorton@ycst.com

                                       GIBSON, DUNN & CRUTCHER LLP
                                       David M. Feldman  (*pro hac vice* admission pending)
                                       J. Eric Wise (*pro hac vice* admission pending)
                                       Matthew K. Kelsey  (*pro hac vice* admission pending)
                                       Alan Moskowitz (*pro hac vice* admission pending)
                                       200 Park Avenue
                                       New York, New York 10166
                                       Tel:    (212) 351-4000
                                       Fax:    (212) 351-4035
                                       Email:  dfeldman@gibsondunn.com
                                               ewise@gibsondunn.com
                                               mkelsey@gibsondunn.com
                                               amoskowitz@gibsondunn.com

                                       *Proposed Counsel to the Debtors and Debtors in
                                       Possession*

**<u>EXHIBIT B</u>**

**PROPOSED FINAL ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. __ & __** |

**FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion and having heard the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]   All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

27376014.2

Dummy

statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having considered the First Day Declaration; and this Court having previously entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. __]; and the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED on a final basis, as set forth herein.

2.     The Procedures, substantially in the form of **Attachment 1** annexed hereto, are approved.

3.     In accordance with the Procedures, the Sponsor Equityholder shall not be required to file a Declaration of Status as a 50-Percent Shareholder, but is hereby deemed to be a 50-Percent Shareholder.

4.     The Form of Notice of Order, substantially in the form of **Attachment 2** annexed hereto, are approved.

5.     Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void ab initio.

6.     In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors,

which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void ab initio.

7.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void ab initio.

8.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

9.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

10.      The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

11.      Nothing herein shall preclude any person desirous of acquiring any Common Stock from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

12.      Other than to the extent that this Final Order expressly conditions or restricts trading in, or claiming worthless stock deductions with respect to, Common Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

13.      Within three (3) business days of the entry of this Final Order or as soon as reasonably practicable, the Debtors shall post this Final Order and the Procedures to the website

established by Debtors Noticing Agent for these chapter 11 cases at https://cases.primeclerk.com/nwh.

14.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

15.     Nothing contained in this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors, (b) a waiver or limitation of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, against the Debtors, (c) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (d) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

16.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6004(a).

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon its entry.

18.     The Debtors are authorized to take any and all steps necessary or appropriate to carry out the relief granted in this Final Order.

19.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: _____, 2020
      Wilmington, Delaware

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

## ATTACHMENT 1

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

## PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK

### 1.    Transfers of Beneficial Ownership of Common Stock

The following procedures apply to transfers of Beneficial Ownership of Common Stock:[1]

a.     Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon:  (i) the Debtors, Northwest Hardwoods, Inc., 1313 Broadway, Suite 300, Tacoma, WA 98402, Attn: Chris Hannon; (ii) proposed counsel to the Debtors, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com); (iv) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet. M. Sarkessian (Juliet.M.Sarkessian@usdoj.gov); and (v) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form of **Annex A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Order (as defined herein), or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Annex B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]].

upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Beneficial Ownership of Common Stock, substantially in the form of **Annex C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock" and, together with a Declaration of Intent to Accumulate Common Stock, a "Declaration of Proposed Transfer").

d.      The Debtors shall have twenty (20) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty (20)-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty (20)-day waiting period for each Declaration of Proposed Transfer.

e.      For purposes of these Procedures a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,430.91 shares of Common Stock (*i.e.*, 4.5 percent or more of outstanding Common Stock).[2]

## 2.      Declarations of Worthlessness of Common Stock

a.      Any person or entity that currently is or becomes a 50-Percent Shareholder[3] (other than the Sponsor Equityholder) must file with the Court and serve upon the Declaration Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form of **Annex D** attached to these Procedures (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order, and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.      Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction

---

[2]     Based on approximately 142,909.18 shares of Common Stock outstanding for purposes of section 382 of the IRC as of the Petition Date.

[3]     For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2017, has owned Beneficial Ownership of 50 percent or more of the Common Stock, (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

27376014.2

2

(a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form of **Annex E** attached to these Procedures.

(i)     The Debtors shall have twenty (20) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

(ii)    If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

(iii)   If the Debtors do not object within such twenty (20)-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty (20)-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

### 3.     Notice Procedures

a.      No later than two (2) business days following entry of the Order, the Debtors shall serve a notice by first class mail, substantially in the form of **Attachment 2** (the "Notice of Order") annexed to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]], on:  (i) the U.S. Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iii) any official committees appointed in these chapter 11 cases; (iv) the United States Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the United States Securities and Exchange Commission; (vii) the state attorneys general for states in which the Debtors conduct business; and (viii) the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock) (collectively, the "Notice Parties").

b.      All registered and nominee holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.      Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.      As soon as is practicable following entry of the Order, the Debtors shall submit a copy of the Notice of Order (modified for publication) for publication in *The Seattle Times*.

e.      To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors **shall not** be in redacted form but must be served via electronic mail on the Debtors' counsel.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## ANNEX A

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a Substantial Shareholder, as determined by Beneficial Ownership, of the common stock of Hardwoods Holdings, Inc. (the "Common Stock").  Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]   For purposes of these Procedures:  (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such

Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
      (City)              (State)

## **ANNEX B**

**Declaration of Intent to Accumulate Common Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]    For purposes of these Procedures:  (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

*[Remainder of page intentionally left blank]*

27376014.2

3

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
(City)              (State)

**<u>ANNEX C</u>**

**Declaration of Intent to Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

27376014.2

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
(City)          (State)

## **ANNEX D**

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a 50-Percent

Shareholder with respect to the common stock of Hardwoods Holdings, Inc. or any Beneficial

Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the

Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District

of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the undersigned party

currently has Beneficial Ownership of _____ shares of Common Stock. The following table

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]   For purposes of this Declaration: (a) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2016, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended (the "ICR") and the applicable Treasury Regulations); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

27376014.2

sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
(City)              (State)

# **ANNEX E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] For purposes of this Declaration: (a) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2016, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended (the "ICR") and the applicable Treasury Regulations); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such twenty (20)-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty (20)-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
(City)            (State)

**ATTACHMENT 2**

**Form of Notice of Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF HARDWOODS HOLDINGS, INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that, on November 23, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed petitions with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Motion Of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

*Procedures for Certain Transfers of and Declarations Of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2020, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock, set forth in **Attachment 1** annexed to the Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions (including mandatory purchases or sales of Common Stock) may be required to restore the status quo.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership therein, in violation of the Procedures, any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Prime Clerk LLC, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https://cases.primeclerk.com/nwh.

**PLEASE TAKE FURTHER NOTICE** that failure to follow the procedures set forth in the Order shall constitute a violation of, among other things, the automatic stay provisions of Section 362 of the Bankruptcy Code**.**

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership therein, or option with respect thereto in violation of the order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

27376014.2

Dated:    December [__], 2020
          Wilmington, Delaware

/s/
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email:  sbeach@ycst.com
       jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman  (*pro hac vice* admission pending)
J. Eric Wise (*pro hac vice* admission pending)
Matthew K. Kelsey  (*pro hac vice* admission pending)
Alan Moskowitz (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035
Email:  dfeldman@gibsondunn.com
       ewise@gibsondunn.com
       mkelsey@gibsondunn.com
       amoskowitz@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

27376014.2