<u>**ATTACHMENT 1**</u>

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

27384283.1

**PROCEDURES FOR TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH
RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK**

## 1.    Transfers of Beneficial Ownership of Common Stock

The following procedures apply to transfers of Beneficial Ownership of Common Stock:[1]

a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon:  (i) the Debtors, Northwest Hardwoods, Inc., 1313 Broadway, Suite 300, Tacoma, WA 98402, Attn: Chris Hannon; (ii) proposed counsel to the Debtors, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com); (iv) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet. M. Sarkessian (Juliet.M.Sarkessian@usdoj.gov); and (v) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form of **Annex A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after service of the Notice of Order (as defined herein), or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Annex B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. 4].

upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Beneficial Ownership of Common Stock, substantially in the form of **Annex C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock" and, together with a Declaration of Intent to Accumulate Common Stock, a "Declaration of Proposed Transfer").

d.     The Debtors shall have fourteen (14) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such fourteen (14)-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional fourteen (14)-day waiting period for each Declaration of Proposed Transfer.

e.     For purposes of these Procedures a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,430.91 shares of Common Stock (*i.e.*, 4.5 percent or more of outstanding Common Stock).[2]

## 2.    Declarations of Worthlessness of Common Stock

a.     Any person or entity that currently is or becomes a 50-Percent Shareholder[3] (other than the Sponsor Equityholder) must file with the Court and serve upon the Declaration Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form of **Annex D** attached to these Procedures (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty (20) calendar days after service of the Notice of Order, and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.     Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction

---

[2]    Based on approximately 142,909.18 shares of Common Stock outstanding for purposes of section 382 of the IRC as of the Petition Date.

[3]    For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2017, has owned Beneficial Ownership of 50 percent or more of the Common Stock, (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

(a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form of **Annex E** attached to these Procedures.

(i)    The Debtors shall have fourteen (14) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

(ii)   If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

(iii)  If the Debtors do not object within such fourteen (14) day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional fourteen (14)-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

### 3.    Notice Procedures

a.     No later than two (2) business days following entry of the Order, the Debtors shall serve a notice by first class mail, substantially in the form of **Attachment 2** (the "<u>Notice of Order</u>") annexed to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]], on: (i) the U.S. Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iii) any official committees appointed in these chapter 11 cases; (iv) the United States Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the United States Securities and Exchange Commission; (vii) the state attorneys general for states in which the Debtors conduct business; and (viii) the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock) (collectively, the "<u>Notice Parties</u>").

b.     All registered and nominee holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.     Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.     As soon as is practicable following entry of the Order, the Debtors shall submit a copy of the Notice of Order (modified for publication) for publication in *The Seattle Times*.

e.     To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors **shall not** be in redacted form but must be served via electronic mail on the Debtors' counsel.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal, in accordance with the procedures set forth in Local Rule 9018-1(d).

## <u>ANNEX A</u>

**Declaration of Status as a Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a Substantial Shareholder, as determined by Beneficial Ownership, of the common stock of Hardwoods Holdings, Inc. (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]  For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.[3] The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

*[Remainder of page intentionally left blank]*

---

[3] When filing this form with the Court, or serving it on any party other than the attorneys for the Debtors, the number of shares and dates acquired may be redacted in each place on this Notice. However, the copy that is provided to the attorneys for the Debtors shall not be redacted and must be served via electronic mail on the Debtors' counsel, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
(City)          (State)

## **ANNEX B**

**Declaration of Intent to Accumulate Common Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

27384283.1

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

---

[3]  When filing this form with the Court, or serving it on any party other than the attorneys for the Debtors, the number of shares may be redacted in each place on this Notice. However, the copy that is provided to the attorneys for the Debtors shall not be redacted and must be served via electronic mail on the Debtors' counsel, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have fourteen (14) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such fourteen (14)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

[*Remainder of page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>(Name of Declarant)</td></tr>
<tr><td></td><td>By:</td></tr>
<tr><td></td><td>Name: _____</td></tr>
<tr><td></td><td>Address: _____</td></tr>
<tr><td></td><td>_____</td></tr>
<tr><td></td><td>Telephone: _____</td></tr>
<tr><td></td><td>Facsimile: _____</td></tr>
</table>

Dated:_____ ___, 2020

_____, _____

   (City)          (State)

## <u>ANNEX C</u>

**Declaration of Intent to Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "Common Stock"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]  For purposes of these Procedures: (a) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 6,670.40 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

27384283.1

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

---

[3] When filing this form with the Court, or serving it on any party other than the attorneys for the Debtors, the number of shares may be redacted in each place on this Notice. However, the copy that is provided to the attorneys for the Debtors shall not be redacted and must be served via electronic mail on the Debtors' counsel, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have fourteen (14) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such fourteen (14)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

[*Remainder of page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
    (City)       (State)

27384283.1

4

## **ANNEX D**

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is or has become a 50-Percent

Shareholder with respect to the common stock of Hardwoods Holdings, Inc. or any Beneficial

Ownership thereof (the "Common Stock").  Hardwoods Holdings, Inc. is the parent entity of the

Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District

of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]  For purposes of this Declaration:  (a) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2016, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended (the "ICR") and the applicable Treasury Regulations); (b) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (c) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.[3] The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

*[Remainder of page intentionally left blank]*

---

[3]  When filing this form with the Court, or serving it on any party other than the attorneys for the Debtors, the number of shares and dates acquired may be redacted in each place on this Notice.  However, the copy that is provided to the attorneys for the Debtors shall not be redacted and must be served via electronic mail on the Debtors' counsel, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com).

27384283.1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____
 (City)              (State)

## ANNEX E

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>") with respect to one or more shares of common stock of Hardwoods Holdings, Inc. or any Beneficial Ownership thereof (the "<u>Common Stock</u>"). Hardwoods Holdings, Inc. is the parent entity of the Debtors in Case No. 20-13005 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] For purposes of this Declaration:  (a) a "<u>50-Percent Shareholder</u>" is any person or entity that at any time since December 31, 2016, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834, as amended (the "<u>ICR</u>") and the applicable Treasury Regulations); (b) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (c) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2020, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have fourteen (14) calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by

---

[3]    When filing this form with the Court, or serving it on any party other than the attorneys for the Debtors, the number of shares may be redacted in each place on this Notice.  However, the copy that is provided to the attorneys for the Debtors shall not be redacted and must be served via electronic mail on the Debtors' counsel, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com).

the Debtors or such action is approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such fourteen (14)-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional fourteen (14)-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated:_____ ___, 2020

_____, _____

(City)          (State)

## <u>ATTACHMENT 2</u>

**Form of Notice of Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | Case No. 20-13005 (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTERIM ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF HARDWOODS HOLDINGS, INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that, on November 23, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed petitions with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations Of Worthlessness with Respect to Common*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

*Stock and (II) Granting Related Relief* [Docket No. 4] (the "Motion"). A copy of that Motion is attached.

PLEASE TAKE FURTHER NOTICE that on November 24, 2020, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock, set forth in **Attachment 1** annexed to the Order (the "Procedures").[2] A copy of that Order is attached.

PLEASE TAKE FURTHER NOTICE that a hearing to consider entry of an order granting the Motion on a final basis (the "Final Hearing") shall take place on December 18, 2020 at 9:00 a.m. (prevailing Eastern Time). On or before 4:00 p.m. (prevailing Eastern Time) on December 11, 2020, any objections or responses to the Motion shall be filed with the Court, and served on (a) proposed counsel to the Debtors, (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com)) and (ii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com)); (b) the Office of the United States Trustee for the District of Delaware (Attn: Juliet. M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov)); (c) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, (Attn: Jeffrey Pawlitz,

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

Esq. (JPawlitz@willkie.com), Weston T. Eguchi, Esq. (WEguchi@willkie.com), and Agustina G. Berro, Esq. (ABerro@willkie.com)), and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (d) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019 (Attn: Scott K. Charles, Esq. (SKCharles@wlrk.com) and David E. White, Esq. (DEWhite@wlrk.com)); (e) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020 (Attn: Brian I. Swett, Esq. (bswett@mcguirewoods.com)); (f) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, (Attn: Elizabeth Taraila, Esq. (ETaraila@emmetmarvin.com)); and (g) counsel to any Committee appointed in these Chapter 11 Cases.  A copy of the proposed order granting the Motion on a final basis is attached to the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions (including mandatory purchases or sales of Common Stock) may be required to restore the status quo.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership therein, in violation of the Procedures, any such deduction in violation of

the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Prime Clerk LLC, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Copies of the forms of declarations are also attached to the Order. Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https://cases.primeclerk.com/nwh.

**PLEASE TAKE FURTHER NOTICE** that failure to follow the procedures set forth in the Order shall constitute a violation of, among other things, the automatic stay provisions of Section 362 of the Bankruptcy Code**.**

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership therein, or option with respect thereto in violation of the order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:    November [__], 2020
          Wilmington, Delaware

_/s/_ _____

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email:  sbeach@ycst.com
        jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman  (_pro hac vice_ admission pending)
J. Eric Wise (_pro hac vice_ admission pending)
Matthew K. Kelsey  (_pro hac vice_ admission pending)
Alan Moskowitz (_pro hac vice_ admission pending)
200 Park Avenue
New York, New York 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035
Email:  dfeldman@gibsondunn.com
        ewise@gibsondunn.com
        mkelsey@gibsondunn.com
        amoskowitz@gibsondunn.com

_Proposed Counsel to the Debtors and Debtors in
Possession_