IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) |
| | ) Case No. 20-13005 (CSS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | **Re: Docket No. 14** |

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PREPACKAGED PLAN; (II) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PREPACKAGED PLAN; (III) CONDITIONALLY APPROVING PREPETITION SOLICITATION PROCEDURES; (IV) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMBINED HEARING AND OBJECTION DEADLINE; (V) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (VI) (A) PROVIDING THAT THE UNITED STATES TRUSTEE SHALL NOT BE REQUIRED TO CONVENE SECTION 341(A) MEETING OF CREDITORS AND (B) EXTENDING THE TIME FOR DEBTORS TO FILE STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES AND RULE 2015.3 REPORTS, AND PERMANENTLY WAIVING THE REQUIREMENT TO FILE SAME UPON CONFIRMATION OF THE DEBTORS' PREPACKAGED PLAN; AND (VII) GRANTING RELATED RELIEF**

Upon the *Motion of Debtors for Entry of an Order (I) Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Prepackaged Plan; (II) Fixing Deadline to Object to Disclosure Statement and Prepackaged Plan; (III) Approving Prepetition Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption and Rejection of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the United States Trustee Not to Convene Section 341(a) Meeting of Creditors and (B) Waiving Requirement of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

*Filing Statements of Financial Affairs and Schedules of Assets and Liabilities and Rule 2015.3 Reports; and (VI) Granting Related Relief* (the "Motion")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given, except as expressly provided herein; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having considered the First Day Declaration; and the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Courtroom No. 6 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor,

---

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Wilmington, Delaware 19801, on January 6, 2020 at 11:00 a.m. (ET). The Combined Hearing may be continued from time to time by this Court without further notice other than adjournments announced in open court and/or in the filing of a notice or hearing agenda in the Chapter 11 Cases and notice of such adjourned date(s) will be available on the electronic case filing docket.

3. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) conform to the applicable Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party, the amount and nature of such party's Claim or Interest, the basis for the objection and the specific grounds thereof; and (d) be filed with this Court, no later than 5:00 p.m. (ET) on December 23, 2020 (the "Objection Deadline"), with proof of service filed as and when required under the Local Rules.

4. Any responses or objections to the assumption of executory contracts and unexpired leases must: (a) be in writing; (b) conform to the applicable Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (d) be filed with this Court, together with a proof of service, no later than 5:00 p.m. (ET) on December 23, 2020 (the "Executory Contract Objection Deadline").

5. In addition to being filed with this Court, any responses or objections must be served on the following parties by the Objection Deadline or Executory Contract Objection Deadline, as applicable, which service may be made through the CM/ECF system, with courtesy copies served by email: (a) proposed counsel to the Debtors, (i) Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,

Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com) and Jacob D. Morton, Esq. (jmorton@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet. M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov); (c) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq. (JPawlitz@willkie.com), Weston T. Eguchi, Esq. (WEguchi@willkie.com), and Agustina G. Berro, Esq. (ABerro@willkie.com), and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com); (d) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. (SKCharles@wlrk.com) and David E. White, Esq. (DEWhite@wlrk.com); (e) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I. Swett, Esq. (bswett@mcguirewoods.com); (f) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn: Elizabeth Taraila, Esq. (ETaraila@emmetmarvin.com); and (g) counsel to any Committee appointed in these Chapter 11 Cases.

6. Any objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled unless otherwise ordered by the Court.

7. The Debtors and any other parties supporting confirmation of the Plan may file reply briefs in response to any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan by 11:00 a.m. (prevailing Eastern Time) two (2) business days prior to the Combined Hearing. The Debtors and any other parties supporting confirmation of the Plan may file reply briefs in response to any responses or objections to the assumption of executory

contracts and unexpired leases by 11:00 a.m. (prevailing Eastern Time) two (2) business days prior to the Combined Hearing.

8. The Proposed Confirmation Schedule, as set forth below, is hereby approved in its entirety, and this Court hereby finds the Proposed Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

| Event | Date/Deadline |
|---|---|
| Voting Record Date | November 11, 2020 |
| Commencement of Solicitation | November 13, 2020 |
| Completion of Solicitation | November 13, 2020 |
| Petition Date | November 23, 2020 |
| Combined Hearing Notice Date | November 25, 2020 |
| Plan Supplement Filing Deadline | December 16, 2020 at 11:59 p.m. (prevailing Eastern Time) |
| Voting Deadline | December 23, 2020 at 5:00 p.m. (prevailing Eastern Time) |
| Plan/Disclosure Statement Objection Deadline | December 23, 2020, at 5:00 p.m. (prevailing Eastern Time) |
| Executory Contract Objection Deadline | December 23, 2020, at 5:00 p.m. (prevailing Eastern Time) |
| Reply Deadline and Deadline for Filing Voting Certification and Proposed Form of Order | Two (2) business days prior to the Combined Hearing, at 11:00 a.m. (prevailing Eastern Time) |
| Combined Hearing | January 6, 2020, at 11:00 a.m. (prevailing Eastern Time) |

9. The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadline (and related procedures) with the notice of commencement of the Chapter 11 Cases.

10. Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice, substantially in the form annexed hereto as **Attachment 1**, shall be deemed good and sufficient notice of the Combined Hearing and the assumption of executory contracts and unexpired leases pursuant to the Plan, and no further notice need be given. By no later than three (3) business days following the entry of this Order, the Debtors shall cause the Solicitation

Agent to mail a paper copy of the Combined Notice to the following parties: (a) all holders of claims or interests, whether in voting classes or non-voting classes, or unclassified, (b) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases, (c) the United States Trustee, (d) the Internal Revenue Service, (e) all state and local taxing authorities in which the Debtors does business, (f) all federal, state and local authorities that regulate any portion of the Debtors' business, (g) the Securities and Exchange Commission, (h) the United States Attorney for the District of Delaware, (i) all counterparties to executory contracts and leases; and (j) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the foregoing categories.  The notice procedures set forth in this paragraph 10 comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan, and are hereby approved.

11. In addition to serving a copy of the Combined Notice, the Debtors shall also serve a copy of the Plan and Disclosure Statement, with all attachments, and a copy of this Order, with all attachments, on the parties set forth in subsections (b) through (h) of paragraph 10 above.  The Debtors shall also serve the Plan Supplement on these same parties once it is filed.

12. The Debtors are authorized to mail the Combined Notice to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-

Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided, however*, that the Debtors will do so upon request from such parties.

13. The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(a), to provide the Publication Notice of the Combined Hearing and Objection Deadline, substantially in the form annexed hereto as **Attachment 2**, as soon as reasonably practicable following the entry of this Order in the national edition of *The Washington Post* or another nationally-circulated newspaper and/or regional newspapers and electronically on the Debtors' case information website (located at https://cases.primeclerk.com/nwh), and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail.

14. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages in soliciting acceptances and rejections of the Plan as set forth in the Motion are conditionally approved as satisfying the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

15. The Ballots, substantially in the forms attached to the Motion as **Exhibit B-1**, **Exhibit B-2**, and **Exhibit B-3**, are conditionally approved pending final approval though the Confirmation Order.

16. The Solicitation Letter, substantially in the form attached to the Motion as **Exhibit C**, is conditionally approved.

17. The Executory Contract Procedures are approved; *provided, however*, that contemporaneously with filing the Plan Supplement, the Debtors shall serve written notice to any non-Debtor counterparty to an executory contract or unexpired lease that is designated as being

rejected in the Plan Supplement informing such counterparty that the Debtors are rejecting such executory contract or unexpired lease.

18. The procedures and assumptions used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are conditionally approved pending final approval through the Confirmation Order.

19. The United States Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code unless a plan is not confirmed in these Chapter 11 Cases on or before the Waiver Deadline, without prejudice to the Debtors' rights to seek further extensions thereof.

20. Cause exists to extend the time by which the Debtors must file SOFAs and Schedules and Rule 2015.3 Reports until February 1, 2021, without prejudice to the Debtors' rights to request further extensions thereof; *provided*, that the requirement that the Debtors file SOFAs and Schedules and Rule 2015.3 Reports shall be permanently excused if the Debtors confirm a plan by February 1, 2021.

21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of relief granted in this Order and (b) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

23. The Debtors are authorized to take any and all steps necessary or appropriate to carry out the relief granted in this Order.

24. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: November 24th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE