## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 14** |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11 CASES, (II) COMBINED HEARING TO CONSIDER (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PREPACKAGED PLAN, (III) ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) OBJECTION DEADLINES**

**-AND-**

**SUMMARY OF PREPACKAGED PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

On November 23, 2020 (the "Petition Date"), Northwest Hardwoods, Inc. and certain of its affiliates (collectively, the "Debtors") each commenced a case under chapter 11 (collectively, the "Chapter 11 Cases") of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On the Petition Date, the Debtors filed a joint "prepackaged" plan of reorganization (the "Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126 of the Bankruptcy Code. Solicitation of the Plan commenced prior to the Petition Date on November 13, 2020. Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' notice, claims and solicitation agent, Prime Clerk LLC (the "Solicitation Agent"), at https://cases.primeclerk.com/nwh, by clicking on the link for Plan and Disclosure Statement, or by contacting the Debtors' proposed counsel (Brenda Walters, paralegal, tel: 302-573-7791; bwalters@ycst.com).

On December 16, 2020, the Debtors will file the Plan Supplement, which can be obtained through these same sources. That Plan Supplement will contain, among other things, (i) identities of the New Board, (ii) New Organizational Documents, (iii) the New Shareholders Agreement,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

(iv) the Rejected Executory Contract and Unexpired Lease List, and (v) forms of Exit Facility Documents. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

> **PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.**
>
> **YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**
>
> **HOLDERS OF CLAIMS OR INTERESTS WHO ARE UNIMPAIRED UNDER THE PLAN SHALL BE DEEMED TO HAVE PROVIDED SUCH RELEASES. HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN BUT DO NOT TIMELY PROVIDE, IN WRITING, AN OBJECTION TO THE RELEASES SHALL BE DEEMED TO HAVE PROVIDED SUCH RELEASES. HOLDERS OF CLAIMS OR INTERESTS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN THAT VOTE TO REJECT THE PLAN OR DO NOT VOTE TO ACCEPT OR REJECT THE PLAN BUT DO NOT TIMELY PROVIDE, IN WRITING, AN OBJECTION TO THE RELEASES SHALL BE DEEMED TO HAVE PROVIDED SUCH RELEASES.**

The Plan contemplates, among other things, Restructuring Transactions that will eliminate approximately $269 million of net principal indebtedness from the Debtors' balance sheets. Critically, the Restructuring Transactions and the Plan will not impair the Debtors' workforce, vendors, or customers, who will continue to be paid in full in the ordinary course of business. Key components of the Plan are as follows:

- All Holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, and Allowed Other Secured Claims shall be paid in full in Cash or receive such other treatment that renders such Claims Unimpaired.

- Each Holder of an Allowed ABL Claim shall be paid in full in cash with the proceeds of the Exit ABL Facility on the Effective Date.

- Each Holder of an Allowed Secured Notes Claim shall receive its *pro rata* share of: (a) Exit Take Back Debt in an aggregate principal amount equal to $110 million; and (b) 99% of the New Common Stock of Reorganized HHI, subject to dilution by the MIP.

- **All outstanding and undisputed General Unsecured Claims will be Unimpaired by the restructuring unless otherwise agreed to by the Holder of such General Unsecured Claim.**

- Holders of Section 510(b) Claims shall not receive or retain any other property or interests under the Plan.

- Holders of Existing Common Equity Interests shall receive their *pro rata* shares of 1% of New Common Stock of Reorganized HHI, subject to dilution by the MIP.

- The Plan includes customary releases and exculpatory and injunctive protection, including third-party releases in favor of the Released Parties, which include, but are not limited to, the Debtors, the Reorganized Debtors, the Consenting Noteholders, the Indenture Trustee, the Consenting Equityholders, and each of their respective directors, officers, and agents. For a complete list of the Released Parties, please see footnote 5 below.

## 1. HEARING TO CONSIDER COMPLIANCE WITH DISCLOSURE REQUIREMENTS, CONFIRMATION OF THE PREPACKAGED PLAN, AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A combined hearing to consider compliance with the Bankruptcy Code's disclosure requirements, confirmation of the Plan, the assumption of executory contracts and unexpired leases, any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Courtroom No. 6 of the United States Bankruptcy Court, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, on **January 6, 2021 at 11:00 a.m. (ET)** or as soon thereafter as counsel may be heard (the "Combined Hearing"). The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Combined Hearing and/or in the filing of a notice or hearing agenda in the Chapter 11 Cases, which notice will be available on the electronic case filing docket and the Solicitation Agent's website at https://cases.primeclerk.com/nwh.

Any responses or objections to the Disclosure Statement and/or the Plan must (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof; and (iv) be filed with the Court no later than **5:00 p.m. (ET) on December 23, 2020**, together with proof of service as and when required by the Local Rules of the Bankruptcy Court. In addition to being filed with the Court, any responses or objections must be served on the following parties (collectively, the "Notice Parties"), which service may be made through the CM/ECF system, with courtesy copies served by email:

a.  proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: David M. Feldman, Esq. (dfeldman@gibsondunn.com), J. Eric Wise, Esq. (ewise@gibsondunn.com), Matthew K. Kelsey, Esq. (mkelsey@gibsondunn.com), and Alan Moskowitz, Esq. (amoskowitz@gibsondunn.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach, Esq. (sbeach@ycst.com);

b.      the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet. M. Sarkessian (Juliet.M.Sarkessian@usdoj.gov);

c.      counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq., Weston T. Eguchi, Esq., and Agustina G. Berro, Esq., and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.;

d.      counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I. Swett (bswett@mcguirewoods.com);

e.      counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn: Elizabeth Taraila, Esq. (ETaraila@emmetmarvin.com);

f.      counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. (SKCharles@wlrk.com) and David E. White Jr., Esq. (DEWhite@wlrk.com); and

g.      counsel to any Committee appointed in these Chapter 11 Cases.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT SHALL NOT BE CONSIDERED BY THE COURT.**

| Event | Date/Deadline |
| --- | --- |
| Voting Record Date | November 11, 2020 |
| Commencement of Solicitation | November 13, 2020 |
| Completion of Solicitation | November 13, 2020 |
| Petition Date | November 23, 2020 |
| Combined Hearing Notice Date | November 25, 2020 |
| Plan Supplement Filing Deadline | December 16, 2020 at 11:59 p.m. (prevailing Eastern Time) |
| Voting Deadline | December 23, 2020 at 5:00 p.m. (prevailing Eastern Time) |
| Plan/Disclosure Statement Objection Deadline | December 23, 2020, at 5:00 p.m. (prevailing Eastern Time) |
| Executory Contract Objection Deadline | December 23, 2020, at 5:00 p.m. (prevailing Eastern Time) |
| Reply Deadline and Deadline for Filing Voting Certification and Proposed Form of Order | Two (2) business days prior to the Combined Hearing, at 11:00 a.m. (prevailing Eastern Time) |
| Combined Hearing | January 6, 2020, at 11:00 a.m. (prevailing Eastern Time) |

## 2. NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

You or one of your affiliates may be a counterparty to one or more contracts or leases that may be an executory contract or unexpired lease with one or more of the Debtors.  Except as otherwise provided in the Plan, as of the Effective Date, *the Debtors shall be deemed to have assumed each executory contract and unexpired lease to which it is a party in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code*, without the need for any further notice or action, order or approval of the Court, unless such executory contract or unexpired lease: (1) was rejected previously by the Debtors; (2) expired or terminated pursuant to its own terms before the Effective Date; (3) is the subject of a motion to reject filed on or before the Effective Date; or (4) is identified on the Rejected Executory Contract and Unexpired Lease List (which shall be included in the Plan Supplement) as an Executory Contract or Unexpired Lease designated for rejection.

Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the assumptions or assumption and assignment, as applicable, of such executory contracts or unexpired leases as provided in the Plan, pursuant to sections 365(a) and 1123 of the Bankruptcy Code effective as of the Effective Date.  Each executory contract or unexpired lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

**ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT DID NOT TIMELY OBJECT TO THE PROPOSED ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE BY THE EXECUTORY CONTRACT OBJECTION DEADLINE WILL BE DEEMED TO HAVE CONSENTED TO SUCH ASSUMPTION.**

**Objections to the Assumption or Rejection of Executory Contracts and Unexpired Leases:** If you wish to object to the assumption of an executory contract or unexpired lease under the Plan regarding the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) or any other objection, *other than* one based on amounts you believe are due to you as a result of a Debtor's monetary default under an executory contract or unexpired lease, you may assert an objection (a "Treatment Objection") against the Debtor or Reorganized Debtors, as applicable, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such Treatment Objection.

Your response or objection to the assumption of an executory contract or unexpired lease must: (a) be in writing; (b) conform to the applicable Federal Rules and the Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof and (iv) be filed with the Court and served on the Notice Parties identified above by December 23, 2020 at 5:00 p.m. (ET) (or such other date as may be established by the Court) (the "Executory Contract Objection Deadline").  Any counterparty to an assumed executory contract or unexpired

lease that fails to timely assert a Treatment Objection prior to the Executory Contract Objection Deadline (i) shall be deemed to have assented to such proposed assumption and shall be deemed to have forever released and waived such Treatment Objection and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; and (ii) shall be forever barred from imposing or charging against any Reorganized Debtor any accelerations, increases or any other fees as a result of any assumption pursuant to the Plan.  For the avoidance of doubt, all rights of a counterparty to assert that further amounts are due as a result of a Debtor's monetary default under an executory contract or unexpired lease are preserved after the Effective Date and can be asserted in the ordinary course of business, regardless of whether such counterparty files a Treatment Objection, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such claims.  You do not need to file a Treatment Objection to preserve your claim after the Effective Date that further amounts are due as a result of a Debtor's monetary default under an executory contract or unexpired lease.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## 3.  SUMMARY OF THE PLAN[2]

The table below provides a summary of the classification, description, treatment, and anticipated recovery of Claims and Interests under the Plan.  This information is provided in summary form below for illustrative purposes only and is qualified in its entirety by reference to the provisions of the Plan.  For a more detailed description of the treatment of Claims and Interests under the Plan and the sources of satisfaction for Claims and Interests, *see* Section V of the Disclosure Statement, entitled "Summary of the Plan."

*[Remainder of page intentionally left blank]*

---

[2]  The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  For a more detailed description of the Plan, please refer to the Disclosure Statement.  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

| | | **SUMMARY OF ESTIMATED RECOVERIES** | | | |
|---|---|---|---|---|---|
| **Class** | **Claim/Interest** | **Plan Treatment** | **Voting Rights** | **Projected[3] Amount of Allowed Claims or Interests** | **Projected[4] Plan Recovery** |
| 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | $0 | 100% |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | $9,100,000 | 100% |
| 3 | ABL Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | $42,300,000 | 100% |
| 4 | Secured Notes Claims | Impaired | Entitled to Vote | $378,634,000 | 52% |
| 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | $25,000,000 | 100% |
| 6 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) | $892,000 | N/A |
| 7 | 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) | N/A | N/A |
| 8 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) | N/A | N/A |
| 9 | Existing Equity Interests | Impaired | Entitled to Vote | N/A | $995,000 |

---

[3]    Unless otherwise indicated, all Claim amounts in this Disclosure Statement and accompanying exhibits are estimates as of the Solicitation Date, and Class 3 and Class 4 reflect outstanding principal amounts only.

[4]    The Project Plan Recoveries presume that the value of the New Common Stock of the Reorganized Debtors would range between $62 million and $137 million.  Projected Plan Recoveries set forth herein assume par value with respect to the Exit Take Back Debt issued to Holders of Class 4 Secured Notes Claims, with distributions of the New Common Stock to Holders of Class 4 Secured Notes Claims and Class 9 Existing Equity Interests valued based on the midpoint of the equity value range.

**4.  NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**[5]

PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.

## <u>RELEASES BY THE DEBTORS</u>

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, or that any Holder of any Claim

---

[5]  "<u>Released Party</u>" means, collectively, and in each case in its capacity as such:  (a) the Debtors and the Reorganized Debtors; (b) the Consenting Noteholders; (c) the  Indenture Trustee; (d) the Consenting Equityholders; (e) with respect to each of the foregoing entities, each such Entity's current and former predecessors, successors, Affiliates (regardless of whether such interests are held directly or indirectly), subsidiaries, direct and indirect equity holders, and funds; and (f) with respect to each of the foregoing Entities in clauses (a) through (e), each of their respective current and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, and other professional advisors (with respect to clause (e), each solely in their capacity as such); provided, however, that any Holder of a Claim or Interest in a voting Class that objects to the Plan and votes to reject the Plan (and thereby opts out of the releases) shall not be a "Released Party."

"<u>Releasing Parties</u>" means, collectively, and in each case in its capacity as such:  (a) the Debtors and the Reorganized Debtors; (b) the Consenting Noteholders; (c) the  Indenture Trustee; (d) the Consenting Equityholders; (e) with respect to each of the foregoing entities in clauses (a) through (d), each such Entity's current and former predecessors, successors, Affiliates (regardless of whether such interests are held directly or indirectly), subsidiaries, direct and indirect equity holders, and funds; (f) with respect to each of the foregoing Entities in clauses (a) through (e), each of their respective current and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, and other professional advisors (with respect to clause (e), each solely in their capacity as such); and (g) all Holders of Claims and Interests not described in the foregoing clauses (a) through (f); provided, however, that any Holder of a Claim or Interest that (1) votes to reject the Plan if such Holder was entitled to vote and (2) objects to the releases in the Plan, shall not be a "Releasing Party" for purposes of the Plan.

"<u>Exculpated Party</u>" means, collectively, and in each case in its capacity as such:  (a) the Debtors and the Reorganized Debtors, (b) with respect to each of the foregoing entities, each such Entity's current and former predecessors, successors, Affiliates (regardless of whether such interests are held directly or indirectly), subsidiaries, direct and indirect equity holders, and advisors and (c) with respect to each of the foregoing Entities in clauses (a) and (b), each of their respective current and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, and other professional advisors.

or Interest could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:

(a)    the Debtors, the Debtors' restructuring efforts, intercompany transactions, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement;

(b)    any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Entity on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, or the Plan;

(c)    the Chapter 11 Cases, the Disclosure Statement, the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or

(d)    any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any (i) post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or (ii) claims related to any act or omission that is determined in a final order to have constituted actual fraud or willful misconduct.

## RELEASES BY HOLDERS OF CLAIMS AND EQUITY INTERESTS

As of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part:

(a)    the Debtors, the Debtors' restructuring efforts, intercompany transactions, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement;

(b)    any transaction that is part of the Restructuring Transactions, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Entity on the Plan or the order confirming the Plan in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, or the Plan;

(c)     the Chapter 11 Cases, the Disclosure Statement, the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or

(d)     any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any (i) post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or (ii) claims related to any act or omission that is determined in a final order to have constituted actual fraud or willful misconduct. Notwithstanding anything herein to the contrary, nothing herein shall be intended to be a release of (a) the Sponsor Equityholder's (i) Secured Notes Claims, or (ii) Claims under the MSA, or (b) Claims arising under the Restructuring Support Agreement, and such Claims in each case are hereby expressly reserved.

## EXCULPATION

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission constitutes actual fraud, willful misconduct, or gross negligence.  The Exculpated Parties have, and, upon completion of the Plan, shall be deemed to have participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## INJUNCTION

All Entities that have held, hold, or may hold Causes of Action, claims or interests that have been released pursuant to the Plan, or that have been discharged pursuant to the Plan, or that are subject to exculpation pursuant to the Plan, are permanently enjoined, from and after the

Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, or the Released Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, claims or interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, claims or interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Causes of Action, claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Cause of Action, claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, claims or interests released or settled pursuant to the Plan.

**<u>BINDING NATURE OF THE PLAN: IF CONFIRMED, ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, IRRESPECTIVE OF WHETHER ANY SUCH HOLDER (1) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (2) HAS FILED A PROOF OF CLAIM OR PROOF OF INTEREST IN THE CHAPTER 11 CASES, OR (3) VOTED TO ACCEPT OR REJECT THE PLAN.</u>**

*[Remainder of page intentionally left blank]*

Dated:  November 24, 2020
        Wilmington, Delaware          */s/ Sean M. Beach*
                                      YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                      Sean M. Beach (No. 4070)
                                      Jacob D. Morton (No. 6684)
                                      Rodney Square
                                      1000 North King Street
                                      Wilmington, Delaware 19801
                                      Tel:    (302) 571-6600
                                      Fax:    (302) 571-1253
                                      Email:  sbeach@ycst.com
                                              jmorton@ycst.com

                                      GIBSON, DUNN & CRUTCHER LLP
                                      David M. Feldman  (admitted *pro hac vice*)
                                      J. Eric Wise (admitted *pro hac vice*)
                                      Matthew K. Kelsey  (admitted *pro hac vice*)
                                      Alan Moskowitz (admitted *pro hac vice*)
                                      200 Park Avenue
                                      New York, New York 10166
                                      Tel:    (212) 351-4000
                                      Fax:    (212) 351-4035
                                      Email:  dfeldman@gibsondunn.com
                                              ewise@gibsondunn.com
                                              mkelsey@gibsondunn.com
                                              amoskowitz@gibsondunn.com

                                      *Proposed Counsel to the Debtors and Debtors in
                                      Possession*

---

**If you have questions about this notice, please contact the Debtors' Claims and
Noticing Agent, Prime Clerk LLC, at:
(877) 930-4312 (toll-free)
+1 (347) 532-7901 (international)
or by email at nwhinfo@primeclerk.com.**

**You may also find out more information at https://cases.primeclerk.com/NWH.**