**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date: December 18, 2020 at 9:00 a.m. (ET)** |
| | ) | **Obj. Deadline: December 11, 2020 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE CERTAIN PORTIONS OF THEIR CREDITOR MATRIX, AND RELATED DOCUMENTS CONTAINING INDIVIDUAL CREDITOR INFORMATION, UNDER SEAL**

Northwest Hardwoods, Inc. and its affiliated debtors and debtors-in-possession (each, a "Debtor," and collectively, the "Debtors") respectfully submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 107 of title 11 of the United States, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing, but not directing, the Debtors to file under seal the home addresses of the Debtors' current and former employees and directors and any creditors who are individuals (the "Sealed Information") in (a) the Debtors' creditor matrix (the "Creditor Matrix"), filed on November 23, 2020 [Docket Nos. 43 (sealed) and 44 (redacted)], (b) the Debtors' schedules of assets and liabilities ("Schedules") and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

statements of financial affairs ("SOFAs") to the extent they are required to be filed with the Court (as defined below), and (c) any other documents filed in these cases that would otherwise list the Sealed Information, including, but not limited to, affidavits of service and amended versions of the Creditor Matrix, if any (collectively, the "Sealed Documents"). In support of this Motion the Debtors respectfully represent as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

**RELIEF REQUESTED**

4. By this Motion, the Debtors request entry of the Proposed Order authorizing, but not directing, the Debtors to file under seal the Sealed Information contained in the Sealed Documents.

5. The Debtors will provide unredacted copies of the Sealed Documents on a confidential basis to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to any committee (the "Committee") appointed in

these chapter 11 cases. Although the Debtors have redacted the Sealed Information to safeguard the privacy and security of the Debtors' employees and directors and creditors who are individuals, such individuals will be served with all required pleadings and other documents at their home addresses.

## **BACKGROUND**

6. On November 23, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession.

7. On October 21, 2020, the Debtors executed a Restructuring Support Agreement (as may be amended, supplemented, or otherwise modified from time to time in accordance with its terms, and including all annexes, exhibits and schedules thereto, the "RSA") with (a) certain holders of the Secured Notes Claims (the "Ad Hoc Noteholder Group") and (b) certain affiliates of Littlejohn & Co. LLC (collectively, the "Sponsor Equityholder"). Subsequently, on November 16, 2020, shareholder Forest Field Limited (together with the Sponsor Equityholder and the Ad Hoc Noteholder Group, the "Consenting Stakeholders") signed the RSA. The Consenting Stakeholders under the RSA collectively hold more than 95% of the Secured Notes Claims and hold approximately 94% of the outstanding common stock in Debtor Hardwood Holdings, Inc. The RSA sets forth the principal terms of the Restructuring Transactions and requires the Consenting Stakeholders to support the Plan. As contemplated by the RSA, on November 13, 2020, the Debtors began soliciting votes on the Plan, and as of the Petition Date, Consenting Stakeholders holding approximately 83% of the Secured Notes Claims and approximately 98% of the outstanding common stock in Debtor Hardwoods Holdings, Inc. have submitted ballots accepting the Plan.

8. The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

9. On November 23, 2020, the Debtors filed the sealed and redacted versions of the Creditor Matrix. *See* Docket Nos. 43 and 44, respectively.

10. On November 24, 2020, the Court entered the *Order (I) Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Prepackaged Plan; (II) Fixing Deadline to Object to Disclosure Statement and Prepackaged Plan; (III) Approving Prepetition Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the United States Trustee Not to Convene Section 341(a) Meeting of Creditors and (B) Waiving Requirement of Filing Statements of Financial Affairs and Schedules of Assets and Liabilities and Rule 2015.3 Reports; and (VI) Granting Related* [Docket No. 64] (the "Scheduling Order"). The Scheduling Order provides that cause exists to extend the time by which the Debtors must file Schedules and SOFAs until February 1, 2021.

## BASIS FOR RELIEF REQUESTED

11. Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's

right of access "is not absolute") (citation omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

12. Specifically, section 107(c)(1) of the Bankruptcy Code provides that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). Section 1028(d) defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . . ." 18 U.S.C. § 1028(d). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13. Sufficient cause exists for the Court to permit the filing of certain portions of the Sealed Documents under seal. The Sealed Documents list the names of certain individual creditors (the "Individual Creditors") while protecting such creditors' residential address information. It would be imprudent to release the residential addresses concerning the Individual Creditors, as doing so would expose them to an unnecessary risk of harm, whether it be from identity theft, violations of protection from abuse orders, or the like. For example, in the *Seal123* case, an individual used the addresses publicly available in the creditor matrix to file two

fraudulent change-of-address notices, ostensibly seeking to have any distributions to the creditors directed to him instead. *See*, *e.g.*, *Order Granting Emergency Motion of WP Glimcher Inc. to Strike the Notice of Change of Address for Party Listed on Clerk's Matrix*, *In re Seal123, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Aug. 10, 2015) [Docket No. 906]; *Order (I) Striking Notice of Change of Address with Respect to Asia Pacific Trading Co. and (II) Limiting Michael Bazley's Right to File Papers in These Bankruptcy Cases*, *In re Seal123, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Aug. 11, 2015) [Docket No. 915].

14. The Individual Creditors should not be required to monitor the docket in the Chapter 11 Cases to protect themselves from the threat of identity theft or harm. Shielding the Individual Creditors from the publication of their residential addresses is thus necessary and appropriate to safeguard their privacy and security.

15. Other courts in this District have granted this relief in comparable cases. *See, e.g.*, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same).[2]

---

[2] *See also In re Pipeline-Westlake Hospital, LLC d/b/a Westlake Hospital*, Case No. 19-11757 (KBO) (Bankr. D. Del. Aug. 6, 2019) [Docket No. 10]; *In re Hexion Holdings LLC*, Case No. 19-10684 (KG) (Bankr. D. Del. June

16. Recently, in addition to granting the requested relief, courts in this district have expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including residential addresses in particular. In *In re Clover*, Judge Owens emphasized the importance of protecting individuals from unnecessary disclosure of such information:

> I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).

17. In *Forever 21*, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019). Similarly in *Anna Holdings*, this Court emphasized the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019).

---

24, 2019) [Docket No. 900]; *In re Promise Healthcare Grp., LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018) [Docket No. 221]; *In re Keystone Tube Co.*, LLC, Case No. 17-11330 (LSS) (Bankr. D. Del. Jun. 20, 2017) [Docket No. 59]; *In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) [Docket No. 51].

18. As in the above-referenced cases, the Debtors believe that redacting the Individual Creditors' residential address information is necessary to protect the individual creditors from an undue risk of identity theft, violations of protection from abuse orders, or other unlawful injury, and that cause exists under section 107(c) of the Bankruptcy Code for the Debtors to file the Sealed Information contained in any of the Sealed Documents under seal. As noted above, upon written request, the Debtors will provide unredacted information in the Sealed Documents on a confidential basis to the Court, the U.S. Trustee, and counsel to any Committee.

**COMPLIANCE WITH LOCAL RULE 9018-1(d)**

19. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this Motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

**NOTICE**

20. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq., Weston T. Eguchi, Esq., and Agustina G. Berro, Esq., and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; (d) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. and David E. White, Esq.; (e) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I. Swett; (f) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn.: Elizabeth Taraila, Esq.; and (g) any party that

has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

21. A copy of this Motion is available on the website maintained by the Debtors' claims and noticing agent, https://cases.primeclerk.com/nwh.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: December 4, 2020
Wilmington, Delaware

*/s/ Jacob D. Morton*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: sbeach@ycst.com
jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman (admitted *pro hac vice*)
J. Eric Wise (admitted *pro hac vice*)
Matthew K. Kelsey (admitted *pro hac vice*)
Alan Moskowitz (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035
Email: dfeldman@gibsondunn.com
ewise@gibsondunn.com
mkelsey@gibsondunn.com
amoskowitz@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*