**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) Case No. 20-13005 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date:** |
| | ) January 6, 2021 at 11:00 a.m. (ET) |
| | ) **Objection Deadline:** |
| | ) December 30, 2020 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF ORDER**
**(I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS**
**UTILIZED IN THE ORDINARY COURSE OF BUSINESS**
**AND (II) GRANTING RELATED RELIEF**

Northwest Hardwoods, Inc. and its affiliated debtors and debtors-in-possession (each, a "Debtor," and collectively, the "Debtors") respectfully submit this motion (this "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327, 328, 330, 331, 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing, but not directing, the Debtors to employ and pay the Ordinary Course Professionals (as defined below) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; (ii) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable; and (iii) granting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27292352.11

related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Nathan Jeppson in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration"), which was filed on the Petition Date (as defined below).[2] In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief requested herein are sections 105(a), 327, 328, 330, 331, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 2014 and 6004, and Local Rule 9013-1.

## BACKGROUND

4.  On November 23, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession.

---

[2]  All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

27292352.11

2

5. On October 21, 2020, the Debtors executed a Restructuring Support Agreement (as may be amended, supplemented, or otherwise modified from time to time in accordance with its terms, and including all annexes, exhibits and schedules thereto, the "RSA") with (a) certain holders of the Secured Notes Claims (the "Ad Hoc Noteholder Group") and (b) certain affiliates of Littlejohn & Co. LLC (collectively, the "Sponsor Equityholder"). Subsequently, on November 16, 2020, shareholder Forest Field Limited (together with the Sponsor Equityholder and the Ad Hoc Noteholder Group, the "Consenting Stakeholders") signed the RSA. The Consenting Stakeholders under the RSA collectively hold more than 95% of the Secured Notes Claims and hold approximately 94% of the outstanding common stock in Debtor Hardwood Holdings, Inc. The RSA sets forth the principal terms of the Restructuring Transactions and requires the Consenting Stakeholders to support the Plan. As contemplated by the RSA, on November 13, 2020, the Debtors began soliciting votes on the Plan, and as of the Petition Date, Consenting Stakeholders holding approximately 83% of the Secured Notes Claims and approximately 98% of the outstanding common stock in Debtor Hardwoods Holdings, Inc. have submitted ballots accepting the Plan.

6. The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

7. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration.

**RELIEF REQUESTED**

8. By this Motion, the Debtors request entry of the Proposed Order, (a) authorizing, but not directing, the Debtors to employ and pay the Ordinary Course Professionals (as defined below)

27292352.11

without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional and (b) authorizing, but not directing, the Debtors to pay the Ordinary Course Professionals for postpetition services rendered and expenses incurred without the necessity of additional court approval, except as otherwise required by the Procedures (defined below).

### THE ORDINARY COURSE PROFESSIONALS

9. The Debtors customarily retain the services of various accountants, attorneys and other professionals to represent them in matters arising in the ordinary course of their business, but unrelated to the administration of the Chapter 11 Cases (each, an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"). An initial list of the Debtors' current Ordinary Course Professionals is attached to the Proposed Order as **Schedule 1**. As discussed more fully below, the Debtors reserve the right to supplement **Schedule 1** in the future. The Debtors are seeking authority to pay the Ordinary Course Professionals during the pendency of the Chapter 11 Cases, subject to the Monthly Fee Cap (defined below), without the Ordinary Course Professionals having to be formally retained or file fee applications.

10. In contrast, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the administration of these Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (the "Chapter 11 Professionals"). Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the Chapter 11 Cases.

11. To the best of the Debtors' knowledge, none of the Ordinary Course Professionals represent or hold any interest materially adverse to the Debtors or to their estates with respect to the matter in which such Ordinary Course Professional is to be employed. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors, the Debtors do not

27292352.11

believe that any of such claims constitute interests materially adverse to the Debtors, their estates, their creditors or other parties in interest.

### PROPOSED PROCEDURES FOR THE EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS

12. The Debtors intend to continue employing Ordinary Course Professionals that provide a variety of professional services in the same manner and for the same purposes as such professionals were retained prior to the Petition Date. In the ordinary course of business, the Ordinary Course Professionals provide legal, accounting, and/or other related services to the Debtors that the Debtors rely on to manage their day-to-day operations. The Debtors believe the continued employment of the Ordinary Course Professionals is necessary to avoid disruption of the Debtors' normal business operations and the cost, expense, and delay of securing replacement professionals.

13. The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the terms set forth herein are in the best interests of the Debtors, their estates, and all parties in interest. The relief requested will save the Debtors' estates the substantial expenses associated with preparing and filing a separate retention application for each Ordinary Course Professional.

14. Accordingly, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following procedures (the "Procedures"):

    a. Within thirty (30) days after the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences post-petition services for the Debtors, each Ordinary Course Professional will provide to the Debtors' counsel a declaration (each, an "OCP Declaration"), substantially in the form attached to the Proposed Order as **Schedule 2**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed.

27292352.11

5

b.  Upon receipt of the OCP Declaration, the Debtors will file the same with the Court and serve a copy on (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Ad Hoc Noteholder Group, (c) counsel to the Sponsor Equityholder; (d) counsel to the ABL Agent; (f) counsel to the Indenture Trustee; and (g) either the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis, or counsel to any official committee (if and when appointed) (collectively, the "Reviewing Parties").

c.  The Reviewing Parties will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtors' counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "Objection Deadline").  If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

d.  If an objection is filed with the Court and served by the Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

e.  No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

f.  Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, that the Ordinary Course Professional's total compensation and reimbursement will not exceed $70,000 per month on average over any three (3) month period on a rolling basis (the "Monthly Fee Cap").

g.  In the event that an Ordinary Course Professional seeks more than the Monthly Fee Cap for any month during these Chapter 11 Cases, such Ordinary Course Professional will file a fee application (each, a "Fee Application"), for the amount of its fees and expenses in excess of the Monthly Fee Cap, in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court.  Any Ordinary Course Professional that is an attorney will make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement*

*of Expenses Filed Under 11 U.S.C. 330 for Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee Guidelines").

h. Each Fee Application will be served upon the Reviewing Parties. The Reviewing Parties shall then have fifteen (15) days to object to the Fee Application. If, after fifteen (15) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtors may pay one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses without the need for further action from such Ordinary Course Professional.

i. If any OCP exceeds the applicable caps set forth in Paragraph 3(f) above, by more than $5,000 during any three month period more than twice, then such OCP must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and, as to any OCP that is a law firm, such OCP shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with its retention application and its interim and final fee applications to be filed in the Chapter 11 Cases.

j. At three (3) month intervals (each, a "Quarter") during the pendency of the Chapter 11 Cases, the Debtors shall file with the Court and serve on the Reviewing Parties no later than thirty (30) days after the end of such Quarter (the first end of Quarter occurring September 30, 2020), a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

k. The Reviewing Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "Quarterly Statement Objection Deadline"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

    l.    All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

    m.    If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** to the Proposed Order, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing the Ordinary Course Professionals to be added to the OCP List (the "<u>OCP List Supplement</u>"), along with the OCP Declaration for any professional so added to the OCP List.  Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than thirty (30) calendar days prior to the filing of the OCP List Supplement.

    n.    If no objection to the OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order.  Any Ordinary Course Professionals retained pursuant to the OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

15.    For the avoidance of doubt, the Debtors reserve their rights to (a) dispute any invoice submitted by any Ordinary Course Professional and (b) retain any additional Ordinary Course Professionals from time to time as the need arises in accordance with the Procedures.

## **BASIS FOR RELIEF**

16.    In determining whether an entity is a "professional" whose retention must be approved by a court as required by section 327 of the Bankruptcy Code, courts generally consider the following factors:

    a.    whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's chapter 11 cases;

    b.    whether the entity is involved in negotiating the terms of a chapter 11 plan;

    c.    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d.    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

    e.    the extent of the entity's involvement in the administration of the debtor's estate; and

    f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005); *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 of the Bankruptcy Code as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate").

17. These factors must be considered in totality—none of the factors alone is dispositive. *See First Merchants*, 1997 WL 873551, at *3. Considering all of these factors, the Debtors believe that the Ordinary Course Professionals are not "professionals" within the meaning of section 327(a) of the Bankruptcy Code whose retention must be approved by the Court. In particular, the Ordinary Course Professionals will not be involved in the administration of the Chapter 11 Cases, but rather will provide services in connection with the Debtors' ongoing business operations and services ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during the Chapter 11 Cases. The Debtors will seek specific court authority under section 327 of the Bankruptcy Code to retain any professionals involved in the actual administration of the Chapter 11 Cases.

18. The Debtors and their estates would be well-served by the continued retention of the Ordinary Course Professionals because of their prior relationships with the Debtors and such professionals' understanding of the Debtors and their operations. The continued employment and

retention of the Ordinary Course Professionals will enable the Debtors to continue the normal business activities that are essential to the achievement of their chapter 11 objectives. The administration of the Debtors' estates would be severely hindered if the Debtors were required to (a) submit to the Court an application, affidavit and proposed retention order for each Ordinary Course Professional; (b) wait until such retention order is approved before such Ordinary Course Professional continues to render services and (c) withhold payment of the fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to the Chapter 11 Professionals.

19. If such conditions were to apply, there would be a significant risk that some Ordinary Course Professionals would refuse to provide services, and that others would suspend services pending a specific court order authorizing the services. Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace such Ordinary Course Professionals could have significant adverse consequences. For example, if the expertise and institutional knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the Debtors' estates undoubtedly would incur additional and unnecessary expenses, as the Debtors would be forced to retain other professionals without such expertise and knowledge, at potentially higher rates. It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required in the day-to-day operation of the Debtors' businesses.

20. Moreover, requiring the Ordinary Course Professionals to file retention pleadings and participate in the payment approval process along with the Chapter 11 Professionals would unnecessarily burden the Court and the U.S. Trustee, while adding significantly to the administrative costs of these Chapter 11 Cases without any corresponding benefit to the Debtors' estates.

21. Accordingly, the Debtors submit that the relief requested herein is in the best interests of all creditors and parties in interest and will avoid any disruption of the services provided by the Ordinary Course Professionals.

## **RESERVATION OF RIGHTS**

22. Nothing contained herein is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (d) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party-in-interest's rights to dispute such claim.

## **NOTICE**

23. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq., Weston T. Eguchi, Esq., and Agustina G. Berro, Esq., and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; (f) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. and David E. White, Esq.; (g) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I.

27292352.11

11

Swett, Esq.; (h) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn.: Elizabeth Taraila, Esq.; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

27292352.11

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: December 16, 2020
      Wilmington, Delaware

*/s/ Jacob D. Morton*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: sbeach@ycst.com
         jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman  (admitted *pro hac vice*)
J. Eric Wise  (admitted *pro hac vice*)
Matthew K. Kelsey  (admitted *pro hac vice*)
Alan Moskowitz (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Tel:   (212) 351-4000
Fax:   (212) 351-4035
Email: dfeldman@gibsondunn.com
       ewise@gibsondunn.com
       mkelsey@gibsondunn.com
       amoskowitz@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*