**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NORTHWEST HARDWOODS, INC., ET AL., | § | Case No. 20-13005 (CSS) |
| | § | |
| *Debtors*. | § | (Jointly Administered) |

**OBJECTION OF HARRIS COUNTY TO JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF NORTHWEST HARDWOODS, INC., AND ITS DEBTOR AFFILIATES**
(Ref. Docket No. 15)

**To the Honorable Christopher S. Sontchi,**
**United States Bankruptcy Judge:**

**NOW COMES** Harris County and the entities for which it collects ("Harris County"), secured creditor in the above-numbered and styled bankruptcy case, and files this objection to *Joint Prepackaged Chapter 11 Plan of Reorganization of Northwest Hardwoods, Inc., and its Debtor Affiliates* (the "Plan"). In support of the objection, Harris County would show the Court as follows:

1. Harris County is a political subdivision of the State of Texas.

2. Harris County holds a secured claim in the amount of $15,999.37 for personal property *ad valorem* taxes owed by the Debtors for tax year 2020. The property taxes were duly assessed in accordance with the laws of the State of Texas and constitute a valid, liquidated, secured claim against the Debtors' property entitled to priority over other secured claims.

3. Texas Property Tax Code § 32.05(b) provides that tax liens securing the property have priority over the claim of any creditor of a person whose property is encumbered by the lien. Harris County's claim is for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. The taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. Harris County's lien takes priority over the claim of any holder of a lien

1

on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).  The tax lien arises on January 1 of each tax year and "floats" to after acquired property.  See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).  The tax lien is a lien *in solido* and is a lien on all property of the Debtor.  See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).   The tax claim is entitled to priority as a secured claim, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506.  Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

4. Harris County objects to the Plan on the basis that it fails to provide for treatment of Harris County's claim. The Plan should not be confirmed until it specifically provides for the treatment of Harris County's secured tax claim.

5. Harris County objects to the Plan on the basis that it fails to properly provide for the payment of interest on its claim as required by 11 U.S.C. §§ 506 and 1129.  Harris County is entitled to interest on its claim, should the taxes become delinquent after January 1, 2021, at the statutory rate of 12% per annum continuing until the claim is paid in full. 11 U.S.C. § 511; See also U.S.v. Graham, 59 Fed. Appx. 660 (6th Cir. 2003); and In re Marfin Ready Mix Corp., 220 B.R. 148 (Bankr.  E.D. N.Y. 1998).

6. Harris County objects to the Plan on the basis that the Plan fails to provide for the retention of Harris County's lien on its collateral.  The Plan should not be confirmed unless and until it specifically provides for Harris County's pre and post-petition liens to remain on the collateral until the taxes are paid in full.

7. Lastly, Harris County objects to the Plan to the extent it purports to impose a requirement of filing an administrative expense claim in order for the 2021 taxes to be paid. The Plan should provide that administrative expense claims need not be filed for the 2021

taxes. The Debtors should be required to pay the post-petition taxes in the ordinary course of business without the necessity of local governments having to file administrative claims. 11 U.S.C. § 503(b)(1)(D).

**WHEREFORE PREMISES CONSIDERED** Harris County respectfully prays that this Court sustain this objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated: December 23, 2020

                          Respectfully submitted,

                          **LINEBARGER GOGGAN**
                          **BLAIR & SAMPSON, LLP**

                          */s/  John P. Dillman*
                          **JOHN P. DILLMAN**
                          Texas State Bar No. 05874400
                          **TARA L. GRUNDEMEIER**
                          Texas State Bar No. 24036691
                          Post Office Box 3064
                          Houston, Texas 77253-3064
                          (713) 844-3478 *Telephone*
                          (713) 844-3503 *Facsimile*
                          *john.dillman@lgbs.com*
                          *tara.grundemeier@lgbs.com*

                          Counsel for Harris County

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the entities listed below by either electronic court filing or by email on December 23, 2020:

<u>Counsel for Debtors</u>
David M. Feldman, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Sean Matthew Beach, Esq.
Young, Conaway, Stargatt & Taylor
1000 North King Street
Wilmington, DE 19801

<u>United States Trustee</u>
Juliet M. Sarkessian, Esq.
U.S. Trustee's Office
844 King Street
Room 2207, Lockbox #35
Wilmington, DE 19899-0035

                                          */s/ Tara L. Grundemeier*
                                          **Tara L. Grundemeier**