**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
SUBMISSION OF AN ORDER UNDER CERTIFICATION OF COUNSEL
CLOSING CERTAIN OF THE CHAPTER 11 CASES**

Northwest Hardwoods, Inc. and its affiliated debtors and debtors-in-possession (each, a "Debtor," and collectively, the "Debtors") respectfully submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105(a) and 350(a) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to submit an order under certification of counsel closing certain of the Debtors' chapter 11 cases.

**PRELIMINARY STATEMENT**

1. The Debtors are seeking confirmation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Northwest Hardwoods, Inc., and Its Debtor Affiliates* [Docket No. 15] (as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27519501.4

amended on December 20, 2020,[2] and as may be further amended, supplemented, or modified from time to time, the "Plan")[3] on January 6, 2021, and expect the effective date of the Plan (the "Effective Date") to occur shortly thereafter, at which point the Plan will have been substantially consummated. Once the Effective Date occurs, the only material matters remaining that the Debtors anticipate may require resolution in connection with these chapter 11 cases (the "Chapter 11 Cases") are final fee applications for the Debtors' retained professionals and the final reporting required by the Office of the United States Trustee.

2. The Debtors believe that, aside from those remaining matters, the Chapter 11 Cases will have been fully administered as of the Effective Date. To mitigate the substantial costs otherwise imposed on the Debtors' estates if all Chapter 11 Cases remained open beyond the Effective Date, the Debtors request entry of an order authorizing the Debtors, on or after the Effective Date, to submit an order (the "Case Closure Order"), under certification of counsel and without further notice or hearing, closing the Chapter 11 Cases of Debtors (a) Hardwoods Holdings, Inc., No. 20-13007 (CSS), and (b) Northwest Hardwoods, Inc., No. 20-13005 (CSS) (together, the "Closing Cases"), in substantially the form attached hereto as **Exhibit B**. The Debtors further request that, upon entry of the Case Closure Order, any miscellaneous motions, applications, pleadings, objections, or other matters or proceedings that may arise from time to time in respect of the Chapter 11 Cases be administered through the Chapter 11 Case of Debtor Hardwoods Intermediate Holdings II, Inc. (the "Remaining Case").

---

[2] *See Notice of Filing of Blacklined Version of Joint Prepackaged Chapter 11 Plan of Reorganization of Northwest Hardwoods, Inc., and Its Debtor Affiliates* [Docket No. 119].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

27519501.4

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND

6. On November 23, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession.

7. The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

## THE RESTRUCTURING

8. On October 21, 2020, the Debtors executed a Restructuring Support Agreement (as may be amended, supplemented, or otherwise modified from time to time in accordance with its

terms, and including all annexes, exhibits and schedules thereto, the "RSA") with (a) certain holders of the Secured Notes Claims (the "Ad Hoc Noteholder Group") and (b) certain affiliates of Littlejohn & Co. LLC (collectively, the "Sponsor Equityholder"). Subsequently, shareholder Forest Field Limited (together with the Sponsor Equityholder and the Ad Hoc Noteholder Group, the "Consenting Stakeholders") signed the RSA. The Consenting Stakeholders under the RSA collectively hold more than 95% of the Secured Notes Claims and hold approximately 94% of the outstanding common stock in Debtor Hardwood Holdings, Inc. The RSA sets forth the principal terms of the Restructuring Transactions and requires the Consenting Stakeholders to support the Plan. As contemplated by the RSA, on November 13, 2020, the Debtors began soliciting votes on the Plan, and as of the Petition Date, Consenting Stakeholders holding approximately 83% of the Secured Notes Claims and approximately 98% of the outstanding common stock in Debtor Hardwoods Holdings, Inc. had submitted ballots accepting the Plan as of the Petition Date.

9. On the Petition Date, the Debtors filed the Plan and intend to seek confirmation of the Plan at a hearing on January 6, 2021 (the "Confirmation Hearing"). The Debtors anticipate that the Effective Date will occur shortly after the Confirmation Hearing, at which point the Debtors will emerge from chapter 11, and the Plan will be substantially consummated.

10. Pursuant to Article II.B of the Plan, fee applications for retained professionals must be filed no later than forty-five (45) days after the Effective Date (the "Fee Applications"). In addition, pursuant to Articles III.C and VII.A of the Plan, Holders of Claims are generally not required to file proofs of claims with the Court, except for Rejection Damages Claims. Following the Effective Date, the Debtors will focus on resolving any remaining claims and disputes, if any, with respect to any such Rejection Damages Claims (the "Contract Resolutions"). The Debtors do not anticipate any further contested matters in the Chapter 11 Cases, but miscellaneous motions,

applications, pleadings, objections, or other matters or proceedings may arise from time to time in respect of the Chapter 11 Cases or the Debtors (together with the Fee Applications and the Contract Resolutions, the "Remaining Matters").

11. Aside from the Remaining Matters, the Debtors believe there will be no other substantive motions, contested matters, or adversary proceedings to be resolved in the Chapter 11 Cases after the Effective Date. Accordingly, the Remaining Matters can be administered in the Remaining Case without any substantive impact on any party in interest.

## RELIEF REQUESTED

12. The Debtors hereby seek entry of the Order, substantially in the form attached hereto as **Exhibit A** (a) authorizing the Debtors to submit the Case Closure Order on or after the Effective Date under certification of counsel and without the need for further notice or hearing, and (b) granting related relief.

## BASIS FOR RELIEF

A.  **The Court Should Authorize the Submission of the Case Closure Order Under Certification of Counsel Because the Closing Cases Will Be Fully Administered as of the Effective Date**

13. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 350(a) of the Bankruptcy Code further provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has

been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

14. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Notes to Bankruptcy Rule 3022 set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

> a. whether the order confirming the plan has become final;
>
> b. whether deposits required by the plan have been distributed;
>
> c. whether the property proposed by the plan to be transferred has been transferred;
>
> d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> e. whether payments under the plan have commenced; and
>
> f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 advisory committee's note (1991) (the "<u>Advisory Committee Note</u>").

15. Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *See, e.g.*, *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012).

16. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated.[4] *See, e.g.*, *In*

---

[4] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the

*re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) (same). As of the Effective Date, the Plan will have been substantially consummated and the Chapter 11 Cases will have been "fully administered" within the meaning of section 350 of the Bankruptcy Code. Specifically, Article IX of the Plan contemplates among other things that, prior to the Effective Date: (a) the Confirmation Order will have become final and non-appealable, (b) all actions, documents, and agreements necessary to implement and consummate the Plan shall have been effected and executed, and (c) the Debtors shall have paid or provided for the payment of all amounts and fees provided for by the Plan and related agreements. On the Effective Date, the transactions contemplated by the Plan will close, and the Debtors will emerge from chapter 11 and assume the business and management of their properties. Accordingly, the Debtors submit that as of the Effective Date, the Plan will be substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code and fully administered within the meaning of section 350 of the Bankruptcy Code.

17. The Debtors acknowledge that one of the factors set forth in the Advisory Committee Notes is the resolution of all motions, contested matters, and adversary proceedings. No adversary proceedings have been filed to date in the Chapter 11 Cases, and the Debtors do not anticipate any such proceedings given the nature of the Plan. Further, the Plan provides that creditors need not file proofs of claim except for Rejection Damages Claims. Again, the Debtors do not anticipate rejecting any executory contracts or unexpired leases other than the two provided in the Rejected Executory Contract and Unexpired Lease List attached as **Exhibit E** to the *Notice of Filing of*

---

successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

27519501.4

*Supplement to the Joint Prepackaged Chapter 11 Plan of Reorganization of Northwest Hardwoods, Inc., and Its Debtor Affiliates* [Docket No. 116], both of which have been agreed to with the relevant counterparties.

18. The Advisory Committee Note counsels that "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Committee Note. In light of the foregoing, the Debtors submit that the Case Closure Order may provide for all motions, notices, and other pleadings relating to any of the Debtors or the Reorganized Debtors to be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases, and for the Court to retain jurisdiction over the Remaining Matters. The Debtors further request that the entry of the Case Closure Order with respect to the Closing Cases be without prejudice to the rights of the parties in interest to petition the Court to reopen any of the Closing Cases pursuant to section 350(b) of the Bankruptcy Code if necessary.

19. Finally, in accordance with Local Rule 3022-1(c), the Debtors will file a verified final report describing the fees and expenses awarded to the retained professionals who rendered services during the pendency of the Chapter 11 Cases, at such time as they seek to close the Remaining Case. The Debtors request that the requirement to file the final report prior to the hearing on a motion for entry of a final decree be waived, and that such filing occur after the entry of final orders approving the final fee applications of retained professionals who rendered services during the pendency of the Chapter 11 Cases. The Debtors further request that the requirement that the Closing Cases continue to file post-confirmation reports be waived, and that the Debtors be authorized to file such reports in the Remaining Case only after entry of the Case Closure Order.

20. For the foregoing reasons, the Debtors submit that the Court should enter the Order authorizing the Debtors to submit the Case Closure Order under certification of counsel closing the Closing Cases.

**NOTICE**

21. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the attorneys general for the states in which the Debtors conduct business; (f) counsel to the Ad Hoc Noteholder Group, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey Pawlitz, Esq., Weston T. Eguchi, Esq., and Agustina G. Berro, Esq., and (ii) Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; (g) counsel to the Sponsor Equityholder, Wachtell, Lipton, Rosen & Katz, 51 W 52nd St, New York, NY 10019, Attn: Scott K. Charles, Esq. and David E. White, Esq.; (h) counsel to the ABL Agent, McGuireWoods LLP, 1251 6th Ave 20th floor, New York, NY 10020, Attn: Brian I. Swett, Esq.; (i) counsel to the Indenture Trustee, Emmet, Marvin & Martin, LLP, 120 Broadway # 32, New York, NY 10271, Attn.: Elizabeth Taraila, Esq.; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: December 24, 2020
Wilmington, Delaware

*/s/ Jacob D. Morton*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Jacob D. Morton (No. 6684)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253
Email:  sbeach@ycst.com
jmorton@ycst.com

GIBSON, DUNN & CRUTCHER LLP
David M. Feldman  (admitted *pro hac vice*)
J. Eric Wise  (admitted *pro hac vice*)
Matthew K. Kelsey  (admitted *pro hac vice*)
Alan Moskowitz (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035
Email:  dfeldman@gibsondunn.com
ewise@gibsondunn.com
mkelsey@gibsondunn.com
amoskowitz@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

27519501.4