# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) Case No. 20-13005 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No. 108** |

### CERTIFICATION OF COUNSEL REGARDING
### <u>REVISED</u> PROPOSED ORDER, PURSUANT TO SECTION 327(a) OF
### THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND
### EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS
### CO-COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

On December 16, 2020, Northwest Hardwoods, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 108] (the "Application"), with the United States Bankruptcy Court for the District of Delaware (the "Court"). The deadline to file objections or respond to the Application was established as December 30, 2020 at 4:00 p.m. (ET) (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments to the Application from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No other informal responses or objections to the Application were received.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27541604.2

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "<u>Revised Proposed Order</u>"), a copy of which is attached hereto as **Exhibit A**, which resolves the U.S. Trustee's concerns. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the form of order filed with the Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than those described herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

| | |
|---|---|
| Dated: December 31, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Jacob D. Morton<br>Sean M. Beach (4070)<br>Jacob D. Morton (6684)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  sbeach@ycst.com<br>          jmorton@ycst.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>David M. Feldman (admitted *pro hac vice*)<br>J. Eric Wise (admitted *pro hac vice*)<br>Matthew K. Kelsey (admitted *pro hac vice*)<br>Alan Moskowitz (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Tel:    (212) 351-4000<br>Fax:    (212) 351-4035<br>Email:  dfeldman@gibsondunn.com<br>          ewise@gibsondunn.com<br>          mkelsey@gibsondunn.com<br>          amoskowitz@gibsondunn.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

27541604.2

# **<u>EXHIBIT A</u>**

**Revised Order**

27541604.2

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) Case No. 20-13005 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No. 108** |

### ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Debtors, Effective as of the Petition Date* (the "Application");[2] and this Court being satisfied, based on the representations made in the Beach Declaration and the Supplemental Beach Declaration (collectively, the "Beach Declaration"), that Young Conaway is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, because (i) Young Conaway represents that it has no connection with the Debtors or other Interested Parties, except as set forth in the Beach Declaration, (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors, (iii) none of Young Conaway's attorneys are, or were within two years of the Petition Date, a director, officer, or employee of the Debtors,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors, their estates, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection, or interest in, the Debtors or for any other reason; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and this Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT:**

        1.      The Application is GRANTED, as set forth herein.

        2.      In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their co-counsel on the terms set forth in the Application, the Beach Declaration, and the Engagement Agreement, as modified by this Order, effective as of the Petition Date.

        3.      Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders

27533157.4

as this Court may direct. Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in the Chapter 11 Cases).

4. Young Conaway shall provide reasonable notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increase of Young Conaway's hourly rates set forth in the Beach Declaration, and shall file any such notice with the Court. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything contained in the Engagement Agreement, Young Conaway shall only be reimbursed for legal fees incurred in connection with the Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

6. Notwithstanding anything contained in the Engagement Agreement to the contrary, the Engagement Agreement does not superseded the requirements of section 327(a) of the Bankruptcy Code that govern the retention of counsel for the Debtors. Young Conaway shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

27533157.4

4

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

# EXHIBIT B

**Blackline**

27541604.2

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) ) ) | Case No. 20-13005 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. —108** |

## ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Debtors, Effective as of the Petition Date* (the "Application");[2] and this Court being satisfied, based on the representations made in the Beach Declaration and the Supplemental Beach Declaration (collectively, the "Beach Declaration"), that Young Conaway is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, because (i) Young Conaway represents that it has no connection with the Debtors or other Interested Parties, except as set forth in the Beach Declaration, (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors, (iii) none of Young Conaway's attorneys are, or were within two years of the Petition Date, a director, officer, or employee of the Debtors,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors, their estates, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection, or interest in, the Debtors or for any other reason; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and this Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted herein; and ~~this Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and~~ after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their co-counsel on the terms set forth in the Application, the Beach Declaration, and the Engagement Agreement, <u>as modified by this Order,</u> effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the sections

330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct.  Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the ~~U.S. Trustee Guidelines~~ *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in the Chapter 11 Cases).

4. Young Conaway shall provide reasonable notice to the Debtors, the U.S. Trustee, and any official committee ~~appointed in the Chapter 11 Cases within ten business days of the implementation of any increase of the~~ before implementing any periodic increase of Young Conaway's hourly rates set forth in the ~~Application~~Beach Declaration, and ~~file such notice with this Court~~shall file any such notice with the Court.  The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything contained in the Engagement Agreement, Young Conaway shall only be reimbursed for legal fees incurred in connection with the Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

6. Notwithstanding anything contained in the Engagement Agreement to the contrary, the Engagement Agreement does not superseded the requirements of section 327(a) of the Bankruptcy Code that govern the retention of counsel for the Debtors.  Young Conaway shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.