# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) Case No. 20-13005 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 109** |

### CERTIFICATION OF COUNSEL REGARDING REVISED PROPOSED ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

On December 16, 2020, Northwest Hardwoods, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Applications for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Prime Clerk LLC as Administrative Advisor for the Debtors, Effective as of the Petition Date* [Docket No. 109] (the "Application"), with the United States Bankruptcy Court for the District of Delaware (the "Court"). The deadline to file objections or respond to the Application was established as December 30, 2020 at 4:00 p.m. (ET) (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments to the Application from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No other informal responses or objections to the Application were received.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27541781.2

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the U.S. Trustee's concerns. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the form of order filed with the Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than those described herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

| | |
|---|---|
| Dated: December 31, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jacob D. Morton*<br>Sean M. Beach (4070)<br>Jacob D. Morton (6684)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  sbeach@ycst.com<br>          jmorton@ycst.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>David M. Feldman (admitted *pro hac vice*)<br>J. Eric Wise (admitted *pro hac vice*)<br>Matthew K. Kelsey (admitted *pro hac vice*)<br>Alan Moskowitz (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Tel:    (212) 351-4000<br>Fax:   (212) 351-4035<br>Email:  dfeldman@gibsondunn.com<br>          ewise@gibsondunn.com<br>          mkelsey@gibsondunn.com<br>          amoskowitz@gibsondunn.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

27541781.2

# **EXHIBIT A**

**Revised Order**

27541781.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) ) ) | Case No. 20-13005 (CSS) |
| Debtors. | ) ) ) | Jointly Administered |
|  | ) | **Re: Docket No. 109** |

**ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR TO THE DEBTORS,
EFFECTIVE AS OF THE PETITION DATE**

Upon the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Prime Clerk LLC as Administrative Advisor to the Debtors, Effective as of the Petition Date* (the "Application") for an order (this "Order") authorizing the retention and employment of Prime Clerk LLC ("Prime Clerk") as their administrative advisor ("Administrative Advisor"), as more fully set forth in the Application; and this Court having reviewed the Application, the First Day Declaration, the Steele Declaration, the record of the hearing held to consider the relief requested in the Application; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27533496.2

enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and this Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth in this Order.

2. In accordance with section 327(a) of the Bankruptcy Code the Debtors are authorized, but not directed, to retain Prime Clerk as Administrative Advisor, effective as of the Petition Date, under the terms of the Engagement Agreement, as modified by this Order, and Prime Clerk is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified by this Order.

3. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

4. Prime Clerk shall apply to the Court for allowance of compensation and reimbursement of expenses solely with respect to the administrative services incurred after the Petition Date in accordance with sections 330 and 331 of the Bankruptcy Code, and the applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services

provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order;

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, is the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification,

contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

11. Notice of the Application shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

12. Notwithstanding any provision of the Bankruptcy Code to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notwithstanding anything to the contrary in the Engagement Agreement, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, and the Debtors' engagement of Prime Clerk in the Debtors' chapter 11 cases.

# EXHIBIT B

## Blackline

27541781.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) ) ) | Case No. 20-13005 (CSS) |
| Debtors. | ) ) ) | Jointly Administered |
|  | ) | **Re: Docket No. 109** |

**ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR TO THE DEBTORS,
EFFECTIVE AS OF THE PETITION DATE**

Upon the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Prime Clerk LLC as Administrative Advisor to the Debtors, Effective as of the Petition Date* (the "Application") for an order (this "Order") authorizing the retention and employment of Prime Clerk LLC ("Prime Clerk") as their administrative advisor ("Administrative Advisor"), as more fully set forth in the Application; and this Court having reviewed the Application, the First Day Declaration, the Steele Declaration, the record of the hearing held to consider the relief requested in the Application; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

27533496.1

27533496.2

enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and this Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted herein; and ~~this Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and~~ after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth in this Order.

2. In accordance with section 327(a) of the Bankruptcy Code the Debtors are authorized, but not directed, to retain Prime Clerk as Administrative Advisor, effective as of the Petition Date, under the terms of the Engagement Agreement, as modified by this Order, and Prime Clerk is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified by this Order.

3. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

4. Prime Clerk shall apply to the Court for allowance of compensation and reimbursement of expenses solely with respect to the administrative services incurred after the Petition Date in accordance with sections 330 and 331 of the Bankruptcy Code, and the applicable provisions of ~~the Bankruptcy Code,~~ the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

27533496.2

5.	The Debtors shall indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

6.	The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

7.	Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order;

8.	If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, is the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Indemnified Parties

27533496.1

3

27533496.2

must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

11. Notice of the Application shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

12. Notwithstanding any provision of the Bankruptcy Code to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notwithstanding anything to the contrary in the Engagement Agreement, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, and the Debtors' engagement of Prime Clerk in the Debtors' chapter 11 cases.