# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-13005 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 114** |

## CERTIFICATION OF COUNSEL REGARDING <u>REVISED</u> PROPOSED ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GIBSON, DUNN & CRUTCHER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

On December 16, 2020, Northwest Hardwoods, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Application of Debtors for Entry of an Order Authorizing the Retention and Employment of Gibson Dunn & Crutcher LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 114] (the "Application"), with the United States Bankruptcy Court for the District of Delaware (the "Court"). The deadline to file objections or respond to the Application was established as December 30, 2020 at 4:00 p.m. (ET) (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments to the Application from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No other informal responses or objections to the Application were received.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

which resolves the U.S. Trustee's concerns.  For the convenience of the Court and other interested

parties, a blackline comparing the Revised Proposed Order against the form of order filed with the

Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other

than those described herein, and the U.S. Trustee does not object to entry of the Revised Proposed

Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without

further notice or hearing at the Court's earliest convenience.

Dated: December 31, 2020          YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, Delaware

                        */s/ Jacob D. Morton*
                        Sean M. Beach (4070)
                        Jacob D. Morton (6684)
                        Rodney Square
                        1000 North King Street
                        Wilmington, Delaware 19801
                        Telephone: (302) 571-6600
                        Facsimile: (302) 571-1253
                        Email:  sbeach@ycst.com
                                  jmorton@ycst.com

                        GIBSON, DUNN & CRUTCHER LLP
                        David M. Feldman (admitted *pro hac vice*)
                        J. Eric Wise (admitted *pro hac vice*)
                        Matthew K. Kelsey (admitted *pro hac vice*)
                        Alan Moskowitz (admitted *pro hac vice*)
                        200 Park Avenue
                        New York, New York 10166
                        Tel:     (212) 351-4000
                        Fax:    (212) 351-4035
                        Email:  dfeldman@gibsondunn.com
                                  ewise@gibsondunn.com
                                  mkelsey@gibsondunn.com
                                  amoskowitz@gibsondunn.com

                        *Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Revised Order**

**ERROR.IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) | Case No. 20-20-13005 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 114** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GIBSON,
DUNN & CRUTCHER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN
POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the *Application of Debtors for Entry of an Order Authorizing the Retention and Employment of Gibson, Dunn & Crutcher LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

other or further notice need be given; and the Court having reviewed the Application and having

heard the statements in support of the relief requested therein at any hearing before this Court (the

"Hearing"); and the Court having considered the Feldman Declaration and the Jeppson

Declaration; and the Court having considered the First Day Declaration; and the Court being

satisfied that Gibson Dunn has the capability and experience to provide the services described in

the Application and that Gibson Dunn does not represent or hold an interest adverse to the Debtors

or their estates; and the Court finding that Gibson Dunn is a "disinterested person" as defined in

section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code;

and the Court having determined that the legal and factual basis set forth in the Application and at

any Hearing establishes just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Application is GRANTED as set forth herein.

2.    The Debtors are authorized, pursuant to sections 327(a) and 330 of the Bankruptcy

Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 to employ and

retain Gibson Dunn as their counsel effective as of the Petition Date on the terms and conditions

set forth in the Application and the Feldman Declaration as modified by this Order.

3.    Gibson Dunn is authorized to render the following professional services to the

Debtors:

> a)    advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;
>
> b)    advising and consulting on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;
>
> c)    attending meetings and negotiating with representatives of creditors and other parties in interest;

27533145.5

2

d)      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e)      preparing pleadings in connection with the Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f)      representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g)      advising the Debtors in connection with any potential sale of assets;

h)      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i)      advising the Debtors regarding tax matters;

j)      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto;

k)      preparing organizational documents and other corporate documents in connection with the Debtors' restructuring efforts; and

l)      performing all other necessary legal services for the Debtors in connection with the prosecution of the Chapter 11 Cases, including, but not limited to: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.      Gibson Dunn shall file fee application(s) and be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

5.      Gibson Dunn shall make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures as set forth in the Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (in connection with both

the Application and all applications for compensation and reimbursement of expenses filed by

Gibson Dunn in the Chapter 11 Cases).

6.    Gibson Dunn shall provide reasonable notice to the Debtors, the U.S. Trustee, and any

official committee before implementing any periodic increase of Gibson Dunn's hourly rates set

forth in the Feldman Declaration, and shall file any such notice with the Court; *provided however*,

that no such notice or filing shall be required in respect of Gibson Dunn's rate increase effective

January 1, 2021 as set forth in the Feldman Declaration; *provided further*, *however*, that the U.S.

Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including,

but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code,

and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy

Code.

7.    Gibson Dunn shall apply any remaining amount of the Retainer as of the time of

allowance of Gibson Dunn's final fee application in satisfaction of compensation and

reimbursement awarded with respect to such application, and promptly pay to the Debtors' estates

any amount of the Retainer remaining after such application.

8.    Notwithstanding anything contained in any engagement letter between Gibson Dunn

and the Debtors to the contrary, such engagement letter does not supersede the requirements of

section 327(a) of the Bankruptcy Code that govern the retention of counsel for the Debtors.  Gibson

Dunn shall make all required disclosures and, in the event a material conflict arises, take all

required actions to address and resolve the conflict.

9.    To the extent that there is any inconsistency among the Application, and the express

terms of this Order, the express terms of this Order shall govern.

10.   The terms of this Order shall be immediately effective and enforceable upon its entry.

27533145.5

4

11.   The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order in accordance with the Application and the Feldman Declaration.

12.   This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

27533145.5

# EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | Case No. 20-20-13005 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ⎯114** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GIBSON, DUNN & CRUTCHER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon the *Application of Debtors for Entry of an Order Authorizing the Retention and Employment of Gibson, Dunn & Crutcher LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:    Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

other or further notice need be given; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and the Court having considered the Feldman Declaration and the Jeppson Declaration; and the Court having considered the First Day Declaration; and the Court being satisfied that Gibson Dunn has the capability and experience to provide the services described in the Application and that Gibson Dunn does not represent or hold an interest adverse to the Debtors or their estates regarding the matters upon which Gibson Dunn is to be engaged; and the Court finding that Gibson Dunn is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having determined that the legal and factual basis set forth in the Application and at any Hearing establishes just cause for the relief granted herein; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 to employ and retain Gibson Dunn as their counsel effective as of the Petition Date on the terms and conditions set forth in the Application and the Feldman Declaration as modified by this Order.

3. Gibson Dunn is authorized to render the following professional services to the Debtors:

        a)      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b)     advising and consulting on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

c)     attending meetings and negotiating with representatives of creditors and other parties in interest;

d)     taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e)     preparing pleadings in connection with the Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f)     representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g)     advising the Debtors in connection with any potential sale of assets;

h)     appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i)     advising the Debtors regarding tax matters;

j)     taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto;

k)     preparing organizational documents and other corporate documents in connection with the Debtors' restructuring efforts; and

l)     performing all other necessary legal services for the Debtors in connection with the prosecution of the Chapter 11 Cases, including, but not limited to:  (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.    Gibson Dunn shall file fee application(s) and be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

27533145.5

5.    Gibson Dunn shall make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures as set forth in the Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (in connection with both the Application and all applications for compensation and reimbursement of expenses filed by Gibson Dunn in the Chapter 11 Cases).

6.    Gibson Dunn shall provide reasonable notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increase of Gibson Dunn's hourly rates set forth in the Feldman Declaration, and shall file any such notice with the Court; *provided however*, that no such notice or filing shall be required in respect of Gibson Dunn's rate increase effective January 1, 2021 as set forth in the Feldman Declaration; *provided further, however*, that the U.S Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.    Gibson Dunn shall apply any remaining amount of the Retainer as of the time of allowance of Gibson Dunn's final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtors' estates any amount of the Retainer remaining after such application.

8.    Notwithstanding anything contained in any engagement letter between Gibson Dunn and the Debtors to the contrary, such engagement letter does not supersede the requirements of section 327(a) of the Bankruptcy Code that govern the retention of counsel for the Debtors.  Gibson

Dunn shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

7.9.   To the extent that there is any inconsistency among the Application, and the express terms of this Order, the express terms of this Order shall govern.

8.10.   The terms of this Order shall be immediately effective and enforceable upon its entry.

9.11.   The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order in accordance with the Application and the Feldman Declaration.

10.12.   This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.