**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| **NORTHWEST HARDWOODS, INC.,** ***et al.***, [1] | Case No. 20-13005 (CSS) |
| | Hearing Date: January 6, 2021, at 11:00 a.m. |
| Debtors. | Objections Due: December 30, 2020, at 4 p.m., extended for U.S. Trustee to January 3, 2021, at 5 p.m. |
| | **Re: Dkt. No. 115** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION
FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND
PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE
OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"),

through his undersigned counsel, hereby submits this objection to the Debtors' Motion for

Entry of Order (I) Authorizing Employment and Payment of Professionals Utilized in the

Ordinary Course Of Business and (II) Granting Related Relief (Dkt. No. 115) (the "Motion"),

to the extent much Motion seeks the retention of RSM US LLP ("RSM"), and any other

professional that does not fall within the parameters of section 327(e) of the Bankruptcy Code,

unless such professional is a "disinterested person," as that term is defined in the Bankruptcy

Code.  In support of his objection the U.S. Trustee respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

## JURISDICTION

1.      Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States

District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C.

§ 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring

the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re*

*Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307

gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco*

*D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      The U.S. Trustee has standing to be heard on the Motion pursuant to 11

U.S.C. § 307.

## BACKGROUND

4.      On November 23, 2020 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate

their business as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5.      No official committee of unsecured creditors has been appointed in these

cases.

6.      On December 16, 2020, the Debtors filed the Motion.  The Motion

includes a list of ordinary course professionals that the Debtors seek to retain by way of the

Motion.  Included in such list is the accounting firm of RSM, listed as providing financial

statements auditing services.

7.      The U.S. Trustee's counsel provided comments to the Motion to the

Debtors' counsel.  Such comments included a request that the proposed order provide that any

professional that is not a law firm that represented the Debtors prior to the Petition Date (and

therefore would not qualify for retention under 327(e) of the Code), be deemed to have waived any and all pre-petition claims they may have against the Debtors and their estates.  The U.S. Trustee's counsel also requested that any such professionals include in their Declaration a waiver of any such claims, as well as a statement of disinterestedness. The Debtors have not agreed to these requests. [2]

## **ARGUMENT**

8.      Section 327 of the Bankruptcy Code governs the employment of professional persons.  *See, e.g.*, *U.S. Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994) (extent of debtor-in-possession's power to retain accountants or other professionals is specified in Section 327(a)).  Section 327(a) provides that a debtor, "with the court's approval, may employ one or more attorneys, *accountants,* appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are *disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a) (emphasis added).

9.      Subsection 327(e) of the Code provides that a trustee, or debtor in possession, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

---

[2]     The U.S. Trustee has other issues with the Motion that are not addressed here, but which the U.S. Trustee believes have been consensually resolved with the Debtors.  To the extent such issues are not fully resolved by the hearing, the U.S. Trustee reserves the right to raise them at that time.

10.    By the explicit terms of subsection 327(e), a professional can be retained under that section only if it is (i)  a law firm, (ii) that has previously represented the debtor. Accountants and auditors, and other professionals that are not law firms, as well as any law firms that have not previously done work for a debtor, must meet the requirements of section 327(a) of the Code to be retained by a debtor.

11.    There is no provision in the Bankruptcy Code setting forth any different standard for the retention of "ordinary course professionals," which customarily are certain professionals expected to bill below a particular dollar amount in a case.  The general retention provisions of sections 327 of the Bankruptcy Code therefore apply to the retention of a debtor's ordinary course professionals.

12.    RSM, who will be performing accounting services for the Debtors, cannot meet the requirements of section 327(e) (which refers only to attorneys) and therefore must be retained under section 327(a).  This is made all the clearer by the fact that 327(a) of the Code is the only subsection of 327 that expressly addresses accountants.  *See Price Waterhouse*, 19 F.3d at 141-142.   In that case, the Third Circuit indicated that, "[u]nder 11 U.S.C. § 1107(a), the power of a debtor in possession to employ accountants or other professionals is the same as that of a trustee.  The extent of this power is specified by Section 327(a) . . . ." *Id.* at 141 (citations omitted).

13.    The requirements of section 327(a) of the Code include that accountants must be "disinterested persons."  The term "disinterested person" means a person that, among other things, "is not a creditor" of the estate.  11 U.S.C. § 101(14)(A).  Thus, to the extent a non-attorney seeks to be retained as an ordinary course professional and holds a pre-petition claim against the Debtors, that entity must waive its claim.   *See Price Waterhouse*, 19 F.3d at

141 ("These provisions [Sections 101(14); 101(10)(A); 301; and 327], taken together, unambiguously ***forbid a debtor in possession from retaining a prepetition creditor*** to assist it in the execution of its Title 11 duties.")(emphasis added).

14.     In *Price Waterhouse,* the Third Circuit acknowledged that the Bankruptcy court had found that the accounting firm was "the most familiar with the debtors' accounting systems and operations," and that it might be "extraordinarily expensive and take a substantial length of time" to find a replacement.  *Id.* at 140.  The Court also noted that while Price Waterhouse held a pre-petition claim, it had agreed not to participate as an unsecured creditor in the debtors' Chapter 11 cases and not to vote its claim in connection with the confirmation of any plan of reorganization.  *Id.* at 139-140.  Yet the Court rejected all such factors as being relevant to the ability of the debtors to retain an accounting firm that was not disinterested.  *See id.* at 141-42; *see also, In re Federated Department Stores* 44 F.3d 1310, 1318-19 (6th Cir. 1995) (reversing the Bankruptcy Court's approval of Lehman Brothers retention as financial advisor to the debtor notwithstanding familiarity with the Debtors' business operations and special expertise and holding Section 327 "prevents individual Bankruptcy Courts from having to make [equitable] determinations as to the best interest of the Debtors in these situations.").

15.     RSM, because it is not an attorney, cannot meet the requirements of Section 327(e) and therefore must be retained under Section 327(a), the only subsection of Section 327 that expressly authorizes the retention of accountants.  Thus, RSM must be "disinterested" and waive any pre-petition claim it has against the estates in order to be eligible to be retained as a professional pursuant to 11 U.S.C. § 101(14)(A).  *Price Waterhouse*, 19 F.3d 138 (3d Cir. 1994). The same is true for any other ordinary course professional that the

Debtors may seek to retain that does not fall within the purview of section 327(e) of the Bankruptcy Code.

## **CONCLUSION**

16.     The U.S. Trustee respectfully requests that the Court (a) deny the Motion to the extent it seeks to retain RSM and any other professional who does not fall under 327(e) of the Code, unless such professional is a "disinterested person" as that term is defined in the Code, and that the Court further require disclosures in the ordinary course declarations sufficient to determine whether such professionals are "disinterested persons," and (b) grant such other relief as the Court deems appropriate and just.


Dated: January 3, 2021
        Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Juliet Sarkessian*
Juliet Sarkessian
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Email: Juliet.M.Sarkessian@usdoj.gov