IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) ) ) | Case No. 20-13005 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 112 & 158** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
MILLER NASH GRAHAM & DUNN LLP AS SPECIAL BUSINESS
COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Upon the *Debtors' Application for Entry of an Order Authorizing Debtors to Retain and Employ Miller Nash Graham & Dunn LLP as Special Business Counsel Effective as of the Petition Date* [Docket No. 112] (the "Application"),[2] and this Court having found that is has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application, and the Masters Declaration and the Supplemental Masters Declaration [Docket No. 158] (collectively, the "Masters Declaration"), that Miller Nash does not hold or represent any interest adverse to the Debtors or their estates

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443). The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2] Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

27533128.2

with respect to the matters on which it is to be employed; and proper and adequate notice of the Application having been provided; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth herein.

2. Pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized and empowered to retain and employ Miller Nash as Special Business Counsel to the Debtors effective as of the Petition Date, with respect to real estate matters, employment matters, import/export advice, general contracting, other ordinary course legal matters that may arise, and the negotiation of an exit ABL credit agreement, on the terms set forth in the Application, the Engagement Letter, and the Masters Declaration, as modified by this order.

3. Miller Nash shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, including LR 2016-2, and such other procedures as may be fixed by order of this Court.  Miller Nash also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November*

27533128.2

*1, 2013*, both in connection with this Application and the interim and final fee applications to be filed by Miller Nash in these chapter 11 cases.

4. The Debtors are authorized to take all actions necessary to implement the relief granted pursuant to this Order in accordance with the Application.

5. The Conflict Waiver Agreement attached to the Application does not supersede the requirements of 11 U.S.C. § 327(e) that govern the retention of special counsel for the Debtors. Miller Nash shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

6. Miller Nash shall apply its remaining retainer at the time of allowance of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtors' estates any retainer remaining after such application.

7. Miller Nash shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Debtors' engagement of Miller Nash during the course of these chapter 11 cases.

Dated: January 4th, 2021  
Wilmington, Delaware

CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

27533128.2