# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHWEST HARDWOODS, INC., *et al.*,[1] | ) Case No. 20-13005 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 115 & 140** |

## ORDER (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon *Debtors' Motion for Entry of Order (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Northwest Hardwoods, Inc. (5401), Hardwoods Intermediate Holdings II, Inc. (7760), and Hardwoods Holdings, Inc. (3443).  The location of the Debtors' service address in these chapter 11 cases is: 1313 Broadway, Suite 300, Tacoma, WA 98402.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and the Court having considered the First Day Declaration; and the Court

having determined that the legal and factual basis set forth in the Motion and at the Hearing, if any,

establishes just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.       The Debtors are authorized, but not directed, to retain, compensate, and reimburse

Ordinary Course Professionals listed on the OCP List annexed hereto as **Schedule 1**, as such may

be supplemented in accordance with the procedures set forth in paragraph 3(m) below, in accordance

with the following approved procedures (the "Procedures"):

      a.       Within thirty (30) days after the later of (i) the entry of this Order and (ii) the
date on which the Ordinary Course Professional commences post-petition
services for the Debtors, each Ordinary Course Professional will provide to
the Debtors' counsel a declaration (each, an "OCP Declaration"),
substantially in the form attached hereto as **Schedule 2**, certifying, among
other things, that the Ordinary Course Professional does not represent or hold
any interest adverse to the Debtors or their estates with respect to the matter(s)
on which such professional is to be employed.

      b.       Upon receipt of the OCP Declaration, the Debtors will file the same with the
Court and serve a copy on (a) the Office of the United States Trustee for the
District of Delaware; (b) counsel to the Ad Hoc Noteholder Group,
(c) counsel to the Sponsor Equityholder; (d) counsel to the ABL Agent;
(f) counsel to the Indenture Trustee; and (g) either the holders of the thirty
(30) largest unsecured claims against the Debtors on a consolidated basis, or
counsel to any official committee (if and when appointed) (collectively, the
"Reviewing Parties").

      c.       The Reviewing Parties will have fourteen (14) days following the date of
service of an OCP Declaration to file with the Court and notify the Debtors'
counsel, in writing, of any objection to the retention of an Ordinary Course

27532906.5

2

Professional based on the contents of the OCP Declaration (the "Objection Deadline"). If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

d.    If an objection is filed with the Court and served by the Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

e.    No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures, and either no timely objection to such retention is pending, or if a timely objection is received, such objection has either been resolved or withdrawn or otherwise overruled by the Court.

f.    Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, that the Ordinary Course Professional's total compensation and reimbursement will not exceed $60,000 per month on average over any three (3) month period on a rolling basis (the "Monthly Fee Cap").

g.    In the event that an Ordinary Course Professional seeks more than the Monthly Fee Cap for any month during these Chapter 11 Cases, such Ordinary Course Professional will file a fee application (each, a "Fee Application"), for the full amount of its fees and expenses for the applicable period, in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court. Any Ordinary Course Professional that is an attorney will make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 for Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee Guidelines").

h.    Each Fee Application will be served upon the Reviewing Parties. The Reviewing Parties shall then have fifteen (15) days to object to the Fee Application, which deadline shall be set forth in the notice of such Fee Application. If, after fifteen (15) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtors may pay one-hundred percent (100%) of its fees and one-hundred percent (100%)

of its expenses without the need for further action from such Ordinary Course Professional.

i.    If any OCP exceeds the applicable caps set forth in Paragraph 3(f) above, by more than $5,000 during any three month period more than twice, then such OCP must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and, as to any OCP that is a law firm, such OCP shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with its retention application and its interim and final fee applications to be filed in the Chapter 11 Cases.

j.    At three (3) month intervals (each, a "Quarter") during the pendency of the Chapter 11 Cases, the Debtors shall file with the Court and serve on the Reviewing Parties no later than thirty (30) days after the end of such Quarter (the first end of Quarter occurring September 30, 2020), a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

k.    The Reviewing Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "Quarterly Statement Objection Deadline").  If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

l.    All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

m.    If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** to this Order, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing the Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List.

Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than thirty (30) calendar days prior to the filing of the OCP List Supplement.

n. If no objection to the OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Order and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

4. The OCP Declaration, in form attached hereto as **Schedule 2**, is approved.

5. If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its prepetition retainer against any prepetition claims once its retention and employment is approved.

6. The entry of this Order and approval of the Procedures does not affect the Debtors' ability to (a) dispute any invoice submitted by an Ordinary Course Professional and (b) retain additional Ordinary Course Professionals in accordance with this Order and the Procedures, and the Debtors reserve all of their rights with respect thereto.

7. Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties, (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds, (c) a promise to pay any claim, (d) an implication or admission that any particular claim would constitute an allowed claim, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order

27532906.5

shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: January 6th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

27532906.5